THE STATE OF FLORIDA, and CHARLES HELMICH, Intervenor, *Appellants,* v. BROWARD COUNTY, a Political Subdivision of the State of Florida, *Appellee.*

Division B.

Opinion filed February 24, 1930.

*Elbert B. Griffis,* for Appellants;

*W. M. Pope,* for Appellee.

STRUM, J.—This is an appeal from a final decree of the circuit court for Broward County validating an issue of refunding bonds in the sum of $92,000.00, proposed to be issued by Broward County for the purpose of refunding interest on outstanding bonds and time warrants originally issued for road and bridge purposes in said county and which were outstanding on April 1, 1929. The resolution of the Board of County Commissioners of Broward County proposing to issue such refunding bonds was passed on August 24, 1929, subsequent to the effective date of Chapter 14486, Acts of 1929.

The intervenor-appellant Helmich contends that in the issuance of the proposed refunding bonds, the provisions of Chapter 14486, Acts of 1929, must be complied with. The appellee-county contends that the provisions of the Act last mentioned with reference to refunding bonds extends only to the refunding of principal; that since the proposed refunding bonds are to refund interest only, the provisions of said Chapter 14486 do not apply, but that such funding bonds for interest only may be issued pursuant to Chapter 11855, Acts of 1927, Sections 2378, et seq., Comp. Gen. Laws 1927. The proposed refunding bonds were validated apparently on the latter theory.

Chapter 14486, *supra,* Section 16, provides in effect that the Board of Administration thereby created shall annually estimate the revenues to become available to the several counties and road districts from gasoline taxes and other designated sources for the purpose of retiring outstanding road and bridge bonds. In the event the revenue from said sources is not sufficient, the Board of County Commissioners, or the governing authority of the district,

is directed to levy a tax on all property in said county or district to make up the deficit. Section 16 of said Chapter 14486 further provides:

"Said Board of County Commissioners may, as an alternative, subject to the approval of the Board of Administration, authorize the issuance of refunding bonds for the purpose of refunding any part or all of the amount of 'principal of said bonds and interest' maturing during the current year in excess of the sum available to them, as herein provided, such refunding bonds to be issued in accordance with Sec. 9 of this Act."

Amongst other things, Sec. 9 of the Act provides:

"The Board of County Commissioners of any county is hereby authorized to issue refunding bonds of the county for the purpose of refunding 'any county debt' issued for road or for road and bridge construction * * * (and outstanding on April 1, 1929). Said refunding bonds shall bear a lower rate of interest than the bonds to be refunded and shall not be sold at less than par plus accrued interest from date of issue; * * * provided that the maturities of 'any refunding bonds' shall be approved by the Board of Administration hereinafter provided for."

Said Chapter 14486 contemplates that bonds issued to refund either principal or interest of county or district road and bridge bonds or other indebtedness as defined by Sec. 2 of the Act, and outstanding on April 1, 1929, shall be in conformity with the requirements of said Act.

In Ernest Amos, as Comptroller, et al., v. Mathews, decided at this term, opinion filed January 23, 1930, 126 So.

R. 308, it was held that while the Constitution commits to the legislature the authority to create the Board of Administration provided in Senate Bill One (Chap. 14486) "for purposes of the care, custody, reporting and paying out of county funds, the authority of the Board, 'so far as county funds are concerned,' extends no further. In respect to the administration of the county funds committed to the Board of Administration, the Board is the mere fiscal agent of the county for designated purposes." The functions of said Board now under consideration relate, not to the administration of county funds, but to the authority of counties and districts to issue refunding bonds.

Counties and districts possess no inherent authority to issue bonds. Such authority, if it exists, must be wholly derived from the sovereign State. That authority may be granted upon such conditions as the State may impose, so long as constitutional inhibitions are observed. The requirements of Chapter 14486, *supra,* with reference to the rate of interest to be borne by refunding bonds of the character here under consideration, the price at which said bonds shall be sold, and the further requirement that the issuance of such bonds and the maturities thereof shall be subject to the approval of the Board of Administration, are valid. What is said herein is of course restricted to bonds issued for the purpose of refunding bonds or other evidences of indebtedness as defined by Section 2 of Chapter 14486, originally issued for road or for road and bridge construction and outstanding on April 1, 1929.

It appears that in the proposed issuance of the refunding bonds here under consideration the requirements of Chapter 14486, Acts of 1929, were not observed. The decree validating the bonds is therefore erroneous.

Reversed.

WHITFIELD, P. J., AND BUFORD, J., concur.

TERRELL, C. J., AND ELLIS AND BROWN, J. J., concur in the opinion and judgment.