MOLWIN INVESTMENT COMPANY v. CECILA A. TURNER, J. LAMAR PAXSON, H. L. COOK, C. H. CRANDON and W. CECIL WATSON, as and constituting the Board of County Commissioners of Dade County.

167 So. 33.
Division A.
Opinion Filed March 30, 1936.

*Slapp, Gourlay, Ward & Ward,* for Appellant;
*Hudson & Cason* and *G. M. McNutt,* for Appellees.

WHITFIELD, C. J.—Molwin Investment Company, a Florida corporation, filed in the Circuit Court a bill of complaint against the County Commissioners of Dade County, Florida, in which it is alleged that the plaintiff corporation is the owner of real estate and a taxpayer in Dade County, Florida. The object of the suit is to enjoin the county commissioners from paying $1,250.00 or any part thereof to a firm of persons for services rendered in auditing the accounts of the fee officers of the county and to cancel the contract of employment. The contract is for a fee of $5,-000.00 for one year beginning July 1, 1935. At a hearing on bill and answer, the chancellor dismissed the bill of complaint and plaintiff appealed.

The contention is that there is no express provision of a statute authorizing such employment and payment, and that the statute establishing the State Auditing Department covers the field of auditing the books, records and accounts of all county officers, and by implication excludes authority of the county commissioners to employ auditors to audit the records and accounts of county officers who collect fees for their public services in their offices.

An express power duly conferred may include implied authority to use means necessary to make the express power

effective; but such implied authority may not warrant the exercise of a substantive power not conferred. The county commissioners are constitutional officers and the statute confers upon them the express power and duty to receive from county officers due accountings for fees received and to apply for county purposes amounts derived from such fees in excess of the compensation fixed for the officers. Such express power and duties include implied authority to employ appropriate means to determine the correctness of the fees reported under the statute and to make reasonable payments for services rendered in auditing such fee accounts. The implied authority does not involve the exercise of a substantive power. Such reasonable payments are for a proper county purpose and may be made from budget appropriations for general county expenditures under the statute.

County commissioners are the general administrative officers of the several counties and have control of the administrative and fiscal affairs of the counties respectively. The audit of the books, records and accounts of county officers is a county purpose and by statute the counties have a property interest in the fees of county officers in excess of the net income allowed to each county officer. The county fee officers are by statute required to periodically account to the board of county commissioners the fees received by them respectively and the county commissioners have the primary responsibility of seeing that the fees of such officers are correctly reported and the proper payments made to the county. Secs. 2867, 2868, C. G. L.

The statute requires the county to make annual budget estimates and appropriations for the various county expenditures. Secs. 2302 (1524), *et seq.*, C. G. L. The answer avers "that the duly adopted budget of the board of

county commissioners of Dade County, Florida, for the fiscal year 1935-1936 makes provision under 'General Fund' for the payment of the account due and to become due to said firm of accountants or to such accountants as the county might employ."

The general and specific statutory powers of county commissioners as the general administrative and fiscal officers of the county are sufficient to support implied authority in the county commissioners to employ auditors for reasonable compensation to audit the books, records and accounts of county fee officers, that being a county purpose, and the county commissioners being constitutional officers. The exercise of such authority does not conflict with the statutory powers and duties of the State Auditing Department.

Affirmed.

BROWN and DAVIS, J. J., concur.

TERRELL and BUFORD, J. J., concur in the opinion and judgment.