PER CURIAM.
This appeal is taken from a final judgment awarding a peremptory writ of mandamus wherein the circuit judge ordered the respondent Board of County Commissioners of Metropolitan Dade County to adopt appropriate resolutions approving the form of initiatory petitions for proposed amendments to the Home Rule Charter which were submitted by the petitioner. The writ further directed the Board of County Commissioners to rescind resolutions by which the commission added to the petitions certain titles. We affirm.
On December 13, 1960, the appellee, John B. McLeod, requested the Board of County Commissioners to adopt resolutions approving the form of two separate petitions he proposed to circulate to electors in an effort to amend the Home Rule Charter. The commission concluded that the proposed petitions should be clarified in order to preclude the possibility of confusion in the minds of the electors. There was a clear basis for this conclusion. The changes made in the petitions were to add to one petition the following language: “This petition is to abolish Metro”, and add to the other petition the following language: “This is not a petition to abolish Metro”.
On December 28, 1960, appellee McLeod filed in the Circuit Court of Dade County a petition for writ of mandamus alleging that under the provisions of the Home Rule Charter the function of the Board of County Commissioners in approving initiatory petitions was purely ministerial and that the actions of the board in modifying such petitions were arbitrary, capricious and contrary to law. There followed the issuance of the alternative writ, the filing of the *447 return and entry of the final judgment now appealed.
The county urges that in order to affirm it is necessary that we hold that the Board of County Commission has only the ministerial duty to approve any and every petition initiating a proposed change in the charter. We hold it is not necessary, however, to define the discretion, if any, of the county commission in acting pursuant to sections 7.01 (1) and 8.07 of the Home Rule Charter[1] in order to decide this appeal because the record establishes that the county commission did not approve or disapprove the form of the petition, but added to each petition a title. These titles may have set forth the purpose of the petitions, but they were also the commission's conclusion as to the effect of the petitions, if successful.
It is apparent that the commission may have acted entirely in accord with the best interests of the public. The stated purpose of the entitlement of the petitions by the county commission was to prevent confusion. We cannot, however, judge motives. The only question presented to us on this appeal is whether or not the county commission had the authority to add to a petition, for the initiation of a charter change, a title purporting to set forth what the commission believed to be the effect of the petition. The language of the charter sections involved does not grant nor does it imply that authority. Where a statute or charter provision does not give certain authority expressly or by implication to a governing body, such body cannot exercise a substantive power not conferred. Cf. Molwin Inv. Co. v. Turner, 123 Fla. 505, 167 So. 33.
The appellant, county, now urges that there is no duty upon the commission to either approve or disapprove petitions initiated to amend the Home Rule Charter. This position cannot aid the county on this appeal because the county took a contrary position in the return of the commission to-the alternative writ. The return contained the following:
“4. Thus, the Home Rule Charter may be amended or revised only upon affirmative vote of a majority of the electors of Dade County voting on the proposed amendment at an election called for such purpose. Proposed amendments to the Charter may be initiated by resolution adopted by the Board of County Commissioners, or by petition signed by the requisite number of qualified electors. Initiatory petitions must be submitted to and approved by the Board of County Commissioners as to form prior to circulation thereof. In order for an initiatory petition to have any lawful force and effect, its form must be approved by the Board. This imposes upon the Board the responsibility to review each initiatory petition and officially sanction, ratify, confirm and express a favorable opinion as to the form thereof. The power to approve implies the power to disapprove. Therefore, the controlling *448 Charter provisions vest in the Board reasonable discretion in the exercise of such power. This function is discretionary in character, and not merely a ministerial duty.”
It therefore follows that the circuit judge did not err when he granted the peremptory writ upon the petition, alternative writ and return thereto.
Affirmed.

. “Seo. 7.01. Initiative and referendum.
“The electors of the county shall have the power to propose to the Board of County Commissioners passage or repeal of ordinances and to vote on the question if the Board refuses action, according to the following procedure:
“(1) The person proposing the exercise of this power shall submit the proposal to the Board which shall without delay approve as to form a petition for circulation in one or several copies as the proposer may desire. * * * ”
“Sec. 8.07. Amendments.
“Amendments to this Charter may be proposed by a resolution adopted by the Board of County Commissioners or by petition of electors numbering five per cent of the number voting in the county for the office of Governor in the last preceding gubernatorial general election. The Board shall call an election not less than 60 nor more than 120 days after it adopts the resolution or receives a petition certified in the manner required for an initiatory petition for an ordinance. The result shall be determined by a majority of the electors voting on the amendment.”