QUESTION: Does the Captiva Fire Control District have the authority to borrow money to construct a firehouse building?
SUMMARY: There being no statutory provision which, either expressly or by necessary implication, authorizes the Captiva Fire Control District to borrow money to construct a firehouse building, the district is not authorized by law to do so. Your question is answered in the negative. It is a well-established principle that specially created districts possess only such powers as are expressly given or necessarily implied because essential to carry into effect those powers expressly granted. See Forbes Pioneer Boat Line v. Board of Commissioners of Everglades Drainage District, 82 So. 346 (Fla. 1919); State v. Smith,35 So.2d 650 (Fla. 1948); Edgerton v. International Company,89 So.2d 488 (Fla. 1956). More specifically, special districts, as statutory entities, have no inherent power to borrow money but may exercise such power only when authorized to do so by law, and then only in the manner, within the limits, and for the purposes prescribed. Accord: Attorney General Opinions 073-374 and 073-261; see 15 McQuillin Municipal Corporations s. 39.07, p. 11, stating that "[t]he power to borrow money and create indebtedness is not an incident to local government, and such power cannot be exercised unless it is conferred either expressly or by necessary implication;" 64 C.J.S. Municipal Corporations s. 1869a, pp. 422-424; 20 C.J.S. Counties s. 222b, pp. 1078-1079; and Lang v. Sanitary District of Norfolk, 160 Neb. 754, 71 N.W.2d 608 (1955); cf. State v. Broward County, 126 So. 491, 492 (Fla. 1930), stating that: Counties and districts possess no inherent authority to issue bonds. Such authority, if it exists, must be wholly derived from the sovereign state. That authority may be granted upon such conditions as the state may impose, so long as constitutional inhibitions are observed. Also cf. State ex rel. Harrington v. City of Pompano, 188 So. 610, 620 (Fla. 1938), stating that municipal bonds are void unless there is express or implied authority to issue them. The foregoing rules of law apply with equal force and effect to all statutory entities, such as the Captiva Fire Control District, with respect to their authority to borrow money. Applying these rules to your inquiry, I find no provision of Ch. 30929, 1955, Laws of Florida, as amended by Ch. 75-417, Laws of Florida, the enabling legislation of the Captiva Fire Control District, which grants to that district's governing board, either expressly or by necessary implication, the authority to borrow money to construct a firehouse building. Cf. s. 166.111, F. S., granting general purpose municipal governments the power to borrow money for the purposes therein described; State v. City of Tampa, 183 So. 491 (Fla. 1938); and State v. City of Treasure Island, 48 So.2d 749 (Fla. 1950). In this regard, I am aware of s. 3 of Ch. 30929 which provides in part that the district's governing board may . . . purchase, own and dispose of fire fighting equipment and property, real or personal, which the board may, from time to time, deem necessary or desirable to prevent and extinguish fires within said district. See also s. 14 of Ch. 30929, providing that "[t]his act shall be construed as remedial act and shall be liberally construed to promote the purpose for which it is intended." However, as stated in AGO 073-374, the power to borrow money is not "necessary" to carry out the function of purchasing property, since property may be purchased from current revenues. Moreover, it is a general rule that an express power duly conferred may include implied authority to use means necessary to make the express power effective, but such implied authority may not warrant the exercise of a substantive power not conferred. See Molwin Inv. Co. v. Turner, 167 So. 33 (Fla. 1936); see also 15 McQuillin, supra, at p. 12, stating that "the prevailing rule is that the power to borrow money and to issue notes therefor cannot be implied from the mere authority to purchase property and erect public buildings." Accordingly, in the absence of any statutory provision authorizing it to do so, I must conclude that the Captiva Fire Control District is not authorized by law to borrow money to construct a firehouse building. Cf. AGO's 074-169, 073-374, 071-305, and 069-130.