Ernest Ellison Auditor General Tallahassee
QUESTION:
Is a sheriff authorized to receive and process through his official accounts and records and to disburse on official checks membership payments or contributions made by private individuals to the Florida Sheriffs Association or the Florida Sheriffs Association Boys Ranch and Girls Villa?
SUMMARY:
A sheriff is not authorized by law to receive in his official capacity, process through his official accounts and records, and disburse on official checks private dues or membership payments and contributions or donations to private institutions; nor may a sheriff deposit such private funds in or commingle such private moneys with the public funds of the office, or with other official collections of the sheriff held in the statutorily required depository trust account of that office; nor may a sheriff incur expenses against or use the funds, facilities, personnel, equipment, or property of the office for such private functions and purposes.
Your question is answered in the negative.
Your letter states that during a postaudit of the office of a county sheriff, questions arose relating to the sheriff's activities in support of certain private nonprofit organizations. Specifically, you found on such audit that the sheriff had received from private individuals membership fees for the Florida Sheriffs Association and donations to the Florida Sheriffs Boys Ranch and Girls Villa, sponsored by the Florida Sheriffs Association. Upon receipt of these moneys, the sheriff recorded the same in his official accounts and records and disbursed such moneys to the appropriate private institution or organization by his official checks. You ask whether the sheriff is authorized to receive and disburse such private moneys in his official capacity. You also question the propriety of charging the expense of these activities, however small that expense may be, against the public funds budgeted and provided for the operation of the sheriff's office.
The sheriff is a county officer, s. 1(d), Art. VIII, State Const., and `[t]he powers, duties, compensation and method of payment of state and officers shall be fixed by law.' Section 5(c), Art. II, State Const. The Florida Supreme Court has held that this provision makes the powers and duties of sheriffs dependent upon legislative action. Lang v. Walker, 35 So. 78 (Fla. 1930), interpreting s. 6, Art. VIII, State Const. 1885, the predecessor of current s. 5(c), Art, II; see also AGO 075-161.
Chapter 30, F. S., provides specially and with particularity for the powers and duties of the sheriff and the procedures which govern the operation of his office. The specific enumeration of the powers, duties, and obligations of the sheriffs and their deputies contained in s. 30.15, F. S., makes no mention whatever of any activities or functions of the sheriffs or their deputies such as those implicit in your questions, and the provisions of that section neither expressly nor impliedly authorize the sheriffs or their deputies to receive and process through any official accounts or records and to disburse on office checks the menbership dues and gifts or donations which are the subject of this inquiry. Nowhere do I find within Ch. 30, F. S., or any other general law of Florida any express statutory grant of authority to, or imposition of any duty on, the sheriffs from which any authority may be necessarily implied for them in their official capacity to receive and process through their official accounts and records these private dues, payments, and donations to private institutions in the manner you have described or to in anywise handle such moneys in an official capacity. For an implied power to exist there must be an express power or duty from which to infer it. Molwin Inv. Co. v. Turner, 167 So. 33 (Fla. 1936). The sheriffs therefore are not authorized or empowered by law to carry on or perform in their official capacity the activities or functions in question.
If the sheriff is without statutory authority to perform the questioned activities — and I can find none — then there is no lawful authority or basis for the sheriff's office to incur expenses in the performance of such unofficial and unauthorized operations. This governing principle has been stated in previous opinions of the Attorney General with regard to sheriffs and other county officers.
 While an express power duly conferred may include implied authority to use means necessary to make the express power effective, such implied authority may not warrant the exercise of a substantive power not conferred. Molwin Inv. Co. v. Turner, 167 So. 33 (Fla. 1936). Moreover, no state or county funds may be disbursed or expended for any purpose unless properly budgeted or appropriated as prescribed by law and in strict accordance with the procedures prescribed by specific legislative authorities.
 An implied power cannot exist in the absence of some express grant of authority or the express imposition of a duty. As stated in AGO 071-28, to perform any function for the state (or a county) or to expend any money belonging to the state (or a county), the officer seeking to perform such function or to incur such obligation against public funds must find and point to a constitutional or statutory provision so authorizing him to do. [Attorney General Opinion 076-191.]
See also AGO's 075-161, 078-94, and 078-101. The rules of law enumerated therein, though applied to other county officers and factual circumstances, are equally applicable to the sheriff and the question at hand. Moreover, the constitution prohibits the expenditure of public money for a private purpose, and it matters not whether the money is derived from taxes or otherwise. State v. Town of North Miami, 59 So.2d 779 (Fla. 1952).
Sections 30.49 and 30.50, F. S., provide for the fiscal operation of the sheriff's office by budget appropriations from the board of county commissioners. The sheriff is required to submit with the proposed budget `his sworn certificate, stating that the proposed expenditures are reasonable and necessary for the proper andefficient operation of the office,' s. 30.49(2) (Emphasis supplied.), and the
expenditures shall be itemized as follows:
(a) Salary of the sheriff.
(b) Salaries of deputies and assistants.
(c) Expenses, other than salaries.
(d) Equipment.
(e) Investigations.
(f) Reserve for contingencies. (Emphasis supplied.)
To receive, deposit, and disburse the moneys in question through the sheriff's office would necessarily involve personnel, paper, equipment, postage, and space of the office which has been provided by public funds. In my opinion such expenses are neither `reasonable' nor `necessary'; they are outside the scope of the sheriff's statutory authority, and, if permitted, would constitute an improper burden on the office, rather than promote its `proper and efficient operation.' Those funds budgeted and appropriated for carrying out the powers and duties of sheriff and for the operations of his office may not be spent for such things as personnel, supplies, postage, equipment, and accounting and bookkeeping functions used for receiving and processing through official accounts and records and disbursing by official checks, dues, and donations from private persons for private nonprofit institutions or organizations, all of such functions being for private persons and organizations and for private purposes. Any such activity on the part of the sheriff is undertaken in a personal and individual capacity and NOT in his official capacity; public employees, public equipment, and public supplies — stationery or postage or official accounts and checks — may not be employed for such purposes.
Section 30.50(2), F. S., authorizes the sheriff to deposit the warrants for his budgeted county funds in his `official bank account' (Emphasis supplied.) in a `depository trust account,' s.30.50(3), F. S., and to `draw his own checks thereon in payment of the salaries of himself and his deputies, clerks and employees and the expenses of his office.' (Emphasis supplied.) Section30.50(4), F. S., requires the sheriff to keep necessary budget accounts and records, and to charge all paid bills and payrolls to the proper budget accounts. Section 30.51, F. S., requires all fees, commissions, or other remuneration authorized or provided for by law for the services of the sheriff to be collected and paid over to the county as provided therein, which fees or commissions may be deposited and commingled with other official
collections in the aforementioned depository trust account.Private dues payments and private contributions or donations toprivate institutions are not mentioned in these statutes; their exclusion is thereby implied and the sheriff is not authorized to deposit private moneys in such accounts or make disbursements therefrom by official check for private purposes.
If the Legislature had intended to give the sheriff authority to collect, receive, disburse, and handle private funds from private individuals on behalf of private institutions, it would and easily could have provided therefor. Since the Legislature has expressly provided for the depository funds, fees, and commissions and the manner of handling them by the sheriff, those not included within the categories provided are impliedly excluded by operation of the rule of statutory construction expressio unius est exclusioalterius. See Dobbs v. Sea Isle Hotel, 56 So.2d 341 (Fla. 1952); Ideal Farms Drainage Dist. v. Certain Lands, 19 So.2d 234 (Fla. 1944); Interlachen Lake Estates, Inc. v. Snyder, 304 So.2d 433
(Fla. 1973). `An officer may not do everything not forbidden in advance by some legislative act.' 67 C.J.S. Officers s. 102, at page 366. See AGO 075-161 (finding that sheriffs are without authority to retain vehicles found abandoned on public highways) which discussed the principle from White v. Crandon, 156 So. 303,305 (Fla. 1934), applicable to constitutional officers that `where there is doubt as to the existence of authority, it should not be assumed.'
Finally, that which the sheriff is not expressly or impliedly authorized by law to do in his official capacity may not be undertake unofficially with the personnel, equipment, and facilities of his office provided by public funds for designatedpublic purposes. Cf. s. 145.121, F. S., pertaining to funds derived from use of personnel, equipment, or space of the office of a county official, and providing that such funds shall be included as income of the office, and `[n]othing herein shall be construed as authorizing a county official to use his office or its personnel or property for a private purpose' and s. 219.02(2), F. S., prohibiting certain county officials from commingling public money with personal funds. Absent statutory authority therefor, the sheriff is without authority to commingle funds of his office with personal funds or private funds of any nature or to use the facilities, personnel, equipment, or property of the office for any private purposes.
You have directed my attention to AGO's 051-303, September 5, 1951, Biennial Report of the Attorney General 1951-1952, p. 51, 055-285, and 056-172, all of which were issued by this office at a time when sheriffs were fee officers, not budget or salaried officers, and before the enactment of present ss. 30.48, 30.49,30.50, 30.51, 30.52, and 30.53, F. S. See also s. 30.231(3), F. S. Further, those opinions had to do with public funds and the expenditure thereof in connection with certain activities found to constitute official or public functions or purposes and as an incidental, legitimate, and proper charge or expense against the income of the office. Those opinions do not apply to or control the questions which are the subject of this opinion.
Prepared by: Carol Z. Bellamy, Assistant Attorney General