C. E. Duncan City Attorney Tavares
QUESTION:
May a municipality, under s. 166.232, F. S. (1978 Supp.), which authorizes the levy of the public service tax on a physical unit basis, levy a tax on the purchase of some of the designated utility services on a percentage basis and on other utility services on a physical unit basis?
SUMMARY:
In levying the public service tax under s. 166.232, F. S., on the purchase of enumerated utility services on a physical unit basis, a municipality may not differentiate between the services designated therein and tax some of the services on a percentage basis and other services on a physical unit basis. Telephone and telegraph services and competitive services (except fuel oil and kerosene) described in, and taxable under, s. 166.231, F. S. (1978 Supp.), may only be taxed on a percentage rate basis as authorized by s. 166.231. There is no provision in the statutes governing the levy of the public services tax by a municipality which authorizes it to choose which of the enumerated services it will tax on a percentage rate basis and which services will be taxed on a physical unit basis, the statutory language being used in the conjunctive sense.
Your question is answered in the negative.
Section 166.232, F. S., (1978 Supp.), was enacted by the Legislature in 1978 by s. 5, Ch. 78-299, Laws of Florida, and took effect October 1, 1978. The statute grants to municipalities the option to levy the public service tax authorized under s. 166.231, F. S., as amended, on a physical unit basis rather than on the percentage rate base prescribed in s. 166.231, as amended by Chs. 78-299 and 78-400, Laws of Florida. Section 166.232(1) provides:
 At the discretion and option of the local tax authority, the tax authorized under s. 166.231 may be levied on a physical unit basis. The tax on the purchase of electricity may be based upon the number of kilowatt hours purchased; the tax on the purchase of metered or bottled gas (natural liquefied petroleum gas or manufactured) may be based on the number of cubic feet purchased; the tax on the purchase of fuel oil and kerosene may be based on the number of gallons purchased; and the tax on the purchase of water service may be based on the number of gallons purchased.
The services or taxable items which the provisions of s. 166.232, F. S. (1978 Supp.), are made applicable to are electricity, metered or bottled gas (natural liquefied petroleum gas or manufactured), fuel oil, kerosene, and water. Section 166.232(1) and (3). Telephone service and telegraph service, which are subject to tax under s. 166.231(1), F. S., as amended, and the `[s]ervices competitive with those enumerated in subsection (1), as defined by ordinance,' which are taxed under s. 166.231(2), as amended by Ch. 78-400, Laws of Florida, except for fuel oil and kerosene, are not listed or mentioned in s. 166.232.
It is a settled rule of construction that the express mention of one thing in a statute implies the exclusion of another, expressiounius est exclusio alterius. Hence, when a statute enumerates the things upon which it is to operate, or forbids certain things, it is ordinarily to be construed as excluding from its operation all those not expressly mentioned. Thayer v. State, 335 So.2d 815, 817
(Fla. 1976); Interlachen Lakes Estates, Inc. v. Snyder,304 So.2d 433, 434 (Fla. 1974); and Dobbs v. Sea Isle Hotel, 56 So.2d 341,342 (Fla. 1952). Thus, the telephone and telegraph service and the competitive services (except fuel oil and kerosene) referred to in, and taxable under, s. 166.231(1) and (2), F. S., as amended, may not be taxed on a physical unit basis under the authority of s. 166.232, F. S. (1978 Supp.), but may only be taxed on the percentage rate basis as authorized by, and prescribed in, s.166.231. I note that the option granted to the municipalities under the provisions of s. 166.232 relates to `the tax authorized under s. 166.231' and that s. 166.231(4), as amended, exempts from taxation the following purchases:
 The purchase of natural gas or fuel oil by a public or private utility, either for resale or for use as fuel in the generation of electricity, or the purchase of fuel oil or kerosene for use as an aircraft engine fuel or propellant or for use in internal combustion engines shall be exempt from taxation hereunder.
Therefore, unless and until judicially determined otherwise, I am of the opinion that the natural gas, fuel oil, or kerosene exempted from taxation by s. 166.231(4) may not be taxed under the authority of, or on the tax base provided for in, either s.166.231, as amended, or s. 166.232.
If your municipality should choose the option provided in s.166.232, F. S. (1978 Supp.), to tax on a physical unit basis, the question remains whether it must tax all of the enumerated services on a unit basis or whether some of the designated services may be taxed on the percentage rate basis prescribed in s. 166.231, F. S., as amended.
Section 166.232(1), F. S. (1978 Supp.), grants the municipality the option to levy `the tax [on the purchases] authorized under s.166.231 . . . on a physical unit basis.' In exercising its option pursuant to s. 166.232, the municipality is required to implement a new tax rate structure and tax base and accomplish the shift in the tax rate and tax base for electricity, metered or bottled gas, fuel oil, kerosene, and water in the manner prescribed in s.166.232(3). Nowhere in the provisions of s. 166.232 is any differential tax base or tax rate authorized or mentioned, nor is the governing body of the city given any authority to differentiate among or between the utility services enumerated therein. When a statute enumerates the things on which it is to operate, it must be construed as excluding from its operation all things not expressly mentioned therein. Ideal Farms Drainage District v. Certain Lands, 19 So.2d 234, 239 (Fla. 1944), and Interlachen Lakes Estates, Inc. v. Snyder, supra.
Moreover, the municipality has no home rule powers with respect to the levy of excise or non-ad valorem taxes and exemptions therefrom; all such taxing power must be authorized by general law. See s. 9(a), Art. VII, State Const.; City of Tampa v. Birdsong Motors, Inc., 261 So.2d 1 (Fla. 1972); and Contractors and Builders Association v. City of Dunedin, 329 So.2d 314 (Fla. 1976). Thus, the prevailing rule of law that administrative bodies and officers have only such authority or power as is expressly, or by necessary implication, conferred by statute is applicable to the authority of the governing body of a municipality under the provisions of s. 166.232, F. S. (1978 Supp.). See Gessner v. Del-Air Corporation, 17 So.2d 522 (Fla. 1944); White v. Crandon,156 So. 303 (Fla. 1934); Lang v. Walker, 35 So. 78 (Fla. 1903); C.J.S. Officers s. 102; and AGO's 078-135, 078-68, 078-56, and 075-299. It has also been emphasized that `[i]f there is a reasonable doubt as to the lawful existence of a particular power which is being exercised, the further exercise of the power should be arrested.' State ex rel. Greenberg v. Florida State Board of Dentistry, 297 So.2d 628, 636 (1 D.C.A. Fla., 1974), cert.dismissed, 300 So.2d 900 (Fla. 1974); City of Cape Coral v. GAC Utilities, Inc., of Florida, 281 So.2d 493, 495 (Fla. 1973); and Gessner v. Del-Air Corporation, supra. See also Molwin Investment Co. v. Turner, 167 So. 33 (Fla. 1936), in which the court concluded that, although an express power duly conferred may include implied authority to use the means necessary to made the express power effective, such implied power may not warrant the exercise of a substantive power not conferred, and AGO's 078-101, 078-94, 076-191, and 073-374.
Section 166.232, F. S. (1978 Supp.), in granting a municipality the option of levying the tax authorized under s. 166.231, F. S. (1978 Supp.), on a physical unit basis, does not authorize or empower the municipality to differentiate among and between the utility services enumerated therein, nor can such a substantive power be implied from the power granted in s. 166.232 or s.166.231, as amended, as such a power is not essential in order to carry out the expressly granted power. Cf. AGO 073-374 and 67 C.J.S. Officers s. 102. The language in the foregoing statutes contains no provision which indicates that a municipality may choose which of the enumerated services it will tax on a percentage rate basis and which services will be taxed on a physical unit basis; rather, the language used is in the conjunctive. See, e.g., s. 166.232(3), which provides in part that `[t]he shift in the tax rate and tax base for electricity, metered or bottled gas, fuel oil, kerosene, and water shall be accomplished' in the manner prescribed therein, and s.166.231(1)(a), which provides that a `municipality may levy a tax on the purchase of electricity, metered or bottled gas (natural liquefied petroleum gas or manufactured), water service, telephone service, and telegraph service.' (Emphasis supplied.) Cf. 82 C.J.S. Statutes s. 335. It does not, therefore, appear that a municipality has the power to differentiate between the utility services enumerated in s. 166.232, as to which utility service will be taxed on a percentage rate basis and which service will be taxed on a physical unit basis.
In summary, therefore, and until and unless judicially determined to the contrary, I am of the opinion that a municipality, in levying a public service tax on the purchase of utility services, may not differentiate among or between the designated utility services with regard to the tax rate or base. Thus, if a municipality exercises its option under s. 166.232, F. S. (1978 Supp.), and levies the public service tax authorized by s.166.231, F. S., as amended, on a physical unit basis, the municipality may not differentiate between the utility services designated in s. 166.232 and tax some of the utility services on a percentage basis while other services are taxed on a physical unit basis. The telephone and telegraph services, and the competitive services (except fuel oil and kerosene) referred to and taxable under s. 166.231(1) and (2), as amended, however, may only be taxed, in my opinion, on a percentage rate basis as authorized and prescribed in s. 166.231, as amended. Moreover, certain purchases of natural gas, fuel oil, or kerosene, which are exempted from taxation by s. 166.231(4), may not be taxed under the authority of, or on the tax base provided for in, either s. 166.231, as amended, or s. 166.232.
Prepared by:
Joslyn Wilson Assistant Attorney General