Ms. Freda Wright Clerk Indian River County Post Office Box 1028 Vero Beach, Florida 32960
Dear Ms. Wright:
This is in response to your request for an opinion on substantially the following questions:
 1. MAY COUNTY FUNDS BE EXPENDED FOR THE FINANCE OFFICER, AN EMPLOYEE OF THE CLERK OF CIRCUIT COURT, TO ATTEND A MANAGEMENT COURSE SPONSORED BY A STATE UNIVERSITY?
 2. ARE EXPENSES FOR AN EMPLOYEE HIRED AS A KEY PUNCH OPERATOR TO ATTEND SCHOOL TO BE TRAINED AS A COMPUTER PROGRAMMER LEGAL EXPENSES PAYABLE FROM COUNTY FUNDS?
 3. IS THE CLERK OF THE CIRCUIT COURT AUTHORIZED TO ADVANCE TRAVEL EXPENSES, OTHER THAN REGISTRATION FEES, FROM COUNTY FUNDS?
QUESTIONS ONE AND TWO
As Questions One and Two are interrelated, they will be answered together.
It is well established within this state that public funds may be spent only for a public purpose or function which the public officer or agency is expressly authorized by law to carry out or which must be necessarily implied to carry out the purpose or function expressly authorized. See Davis v. Keen, 192 So. 200
(Fla. 1939); State v. Town of North Miami, 59 So.2d 779 (Fla. 1952). And see AGO 071-28 and cases cited therein. Thus to perform any function or expend any public funds, the public officer seeking to perform such function or incur such obligation against public funds must find and point to a constitutional or statutory provision authorizing the action. See generally Florida Development Commission v. Dickinson, 229 So.2d 6 (1 D.C.A. Fla., 1969), cert. denied, 237 So.2d 530 (Fla. 1970), wherein the court stated that before an expenditure may be made there must be a specific appropriation authorizing the expenditure which must be in furtherance of the power conferred upon the public officer or agency by the constitution or statutes. Cf. ss 129.03(2) and129.021, F.S., which require the clerk of the circuit court to submit to the board of county commissioners a tentative budget for the ensuing year which must be in sufficient detail to allow the board to determine whether it is in compliance with s129.01(2)(b), F.S., requiring `itemized appropriations for all expenditures authorized by law, contemplated to be made, or incurred for the benefit of the county . . . .'
Chapter 28, F.S., which sets forth the powers and duties of the clerks of the circuit court, contains no provision regarding educational courses for the employees of the clerk's office or authorizing the clerk to spend county funds for the educational expenses of that office. No other general or special law expressly authorizing such an expenditure has been brought to the attention of this office. This office has previously stated that expenses of educational courses for public officers and employees generally may not be charged as office expenses except in those instances where provision is made for such education and training in some applicable statute or law. See AGO 071-371 wherein this office concluded that in the absence of express legislative authority, the cost of a course in accrual accounting was not a proper item of expense of the office of the clerk of the circuit court. As stated in AGO 062-97,
 Although indirectly beneficial to the county, any type of formal educational program, be it a short course, university extension course, or other similar type, is basically of personal benefit to the individual taking such a course; hence, no authority for the payment of expenses in connection therewith from public funds exists in the absence of specific legislative authorization. . . . There is clearly no authority for expenditures from public funds to provide public employee training or education of a formal nature . . . . Public employees when employed should have the basic training necessary for their employment.
This office recognized that there is no general rule which may be applied equally to all factual situations; rather, each case must stand on its own. In considering each case, however, the primary test to be applied is whether the training program is one which, although designed to improve the efficiency of the employee, will directly benefit the public. Training and education of a formal nature for employees to fit them basically for the performance of their duties, as distinguished from training specifically designed to improve the efficiency of a qualified employee, may not be given at public expenses. Seminars and courses designed not to educate for particular services but to increase the efficiency of a duly qualified employee may be attended by public employees at public expenses when such training is deemed to be necessary in carrying out the duties and responsibilities imposed upon the public agency by law. See AGO 064-136 in which this office concluded that it was a proper expense of the office of the tax assessor to expend public moneys for the cost of the tax assessor or his deputies to attend school to take short courses covering various phases of up-to-date appraisals of real property but that it was not a proper expense of public funds for the initial schooling and training of those persons who were not in the first instance qualified to perform the duties for which they were employed; and AGO 081-100.
According to the information supplied to this office, your office is considering converting its present office equipment to computers. You are therefore interested in training an employee of your office who was hired as a key punch operator to work as a computer programmer. The training, which would take place in Atlanta, Georgia, consists of five levels of courses. At the completion of each level, a certificate is awarded. When all five levels have been completed by the employee, this office has been informed that the employee will be promoted to the position of junior programmer. The expense of such training would not, based upon the foregoing information, appear to be a proper item of expense for the clerk's office. The training of the key punch operator as a computer programmer would not improve her existing job skills or otherwise improve her efficiency as a key punch operator; rather such training is to qualify her for a different occupation. As previously stated, training and education of employees to fit them basically for the performance of their duties may not be given at public expense.
You also inquire as to the expenditure of public funds to pay for the finance director to attend management courses sponsored by a state university. In subsequent conversations with your office, you stated that the finance director acts as an assistant to the clerk of the circuit court and supervises a number of employees of the clerk's office. According to the information supplied to this office, the management courses involve six levels of workshops offered by the university, each workshop lasting four days. From the registration form attached to your letter of inquiry, the finance director has expressed an intent to attend at least three levels of workshops. When all six levels have been completed, and examinations passed, a participant in the workshops is awarded a certificate as a `certified public manager.' The finance director also indicated his interest in and requested more information regarding the certified public manager program. Among the topics discussed at the workshops are problems of management, communication skills and leadership skills. While the courses are open to local government officials, this office has been informed that the program was designed for public managers in state government.
As previously noted, the determination as to whether educational expenses may be paid from public funds must be made on a case-by-case basis. I am not aware of any statutory provision, nor has any such provision been brought to the attention of this office, which expressly authorizes such expenses. Nor can I say that the authority to expend county funds for the clerk's employee to attend such a course may be necessarily implied in order to carry out some function or purpose expressly authorized. Cf. Florida State University v. Jenkins, 323 So.2d 597 (1 D.C.A. Fla., 1975) (implied power must be essential in order to carry out the expressly granted power or duty imposed); Molwin Inv. Co. v. Turner, 123 Fla. 505, 167 So. 33 (Fla. 1936) (express power may include implied power to use means necessary to effectuate express power but may not warrant exercise of substantive power nor conferred); AGO's 081-13, 080-93. While some benefit may inure to the county by having its employee attend such courses, as this office noted in AGO 062-97, any type of formal educational program, be it a short course, university extension course, or other similar type, is basically of personal benefit to the individual taking such course and no authority for the payment of expenses in connection therewith from public funds exists in the absence of specific legislative authorization. No such authorization exists in the instant inquiry. In addition, while the finance director apparently possesses some managerial responsibilities in the clerk's office, I cannot say that the attendance of such employee at a management course at the state university which is primarily designed for public managers in state government is necessary or essential in order to carry out the clerk's statutory imposed duties. As this office stated in AGO 071-371 when considering whether the cost of a course in accrual accounting may be charged as an item of office expense of a circuit court clerk:
 When tested in light of these principles and opinions, it cannot be said with any degree of certainty that the courts would uphold the expenditure in question as an item properly chargeable against office expense; and I hold firmly to the view that any question concerned with the expenditure of the taxpayer's money should be strictly construed to protect the rights of the taxpayer.
 Accordingly, I am of the opinion, until and unless judicially or legislatively determined otherwise, that the expenses of an employee hired as a key punch operator to attend school to be trained as a computer programmer and for a finance director to attend a management course sponsored by a state university are not proper items of expense of the office of the clerk of the circuit court.
QUESTION THREE
You also inquire as to whether the clerk is authorized to advance from public funds travel expenses, other than registration fees, for employees of that office to attend such educational courses. Pursuant to s 112.061(3)(a) and (b), F.S., reimbursement for travel made to public officers, employees and authorized persons is limited to travel on the `official business of the state' and to those expenses `necessarily incurred by [public employees] in the performance of a public purpose authorized by law . . . .' To determine whether payment of county funds for travel expenses is appropriate, consideration must be given as to whether the expenses are statutorily authorized. As stated in AGO 079-105, any expenditure of public funds for travel must be examined and its legality determined on a case-by-case basis by examining the nature and scope of the specific statutory powers and functions of the particular officer or employee. The crucial factors to be considered are the identity of the public officer or employee seeking reimbursement, the nature and scope of the duties and functions which are imposed by law upon that officer or employee (both express and necessarily implied) and the purpose of the travel.
It was my opinion in response to Question One that the educational expenses of a key punch operator to take a computer programmer course and a finance officer to attend management courses were not proper expenses to be paid from public funds by the clerk of the circuit court. Those expenses were not statutorily authorized and appear to be in the nature of expenses for training and education of a formal nature to fit the employees basically for the performance of their duties which are basically of personal benefit to the individual taking such courses. Section112.061(3)(b), F.S., states that public funds may be spent only when the travel is for a public purpose authorized by law to be performed by an agency or its employees and is necessary for the performance of the agency's official duties. In light of my response in Question One and the provisions of s 112.061, F.S., I am of the opinion that the clerk of circuit court is not authorized to advance or pay the travel expenses and per diem of the key punch operator to attend a computer programmer training course or the finance officer to attend management courses.
In summary, therefore, I am of the opinion until legislatively or judicially determined otherwise that the expenses of an employee of the office of the clerk of the circuit court who is hired as a key punch operator to attend school to be trained as a computer programmer and for a finance director in the clerk's office to attend a management course sponsored by a state university and designed for public managers in state government are not proper items of expense of the office of the clerk of the circuit court and that the clerk of the circuit court is not authorized to advance or pay the travel expenses and per diem of the employees to attend such courses.
Sincerely,
Jim Smith, Attorney General
Prepared by: Gerry Hammond, Assistant Attorney General