The Honorable Alan R. Parlapiano Public Defender Eighth Judicial Circuit 419 East University Avenue Post Office Box 1063 Gainesville, Florida 32602
Dear Mr. Parlapiano:
This is in response to your request for an opinion on substantially the following question:
 IS A PUBLIC DEFENDER AUTHORIZED BY LAW TO MAINTAIN AN ESCROW ACCOUNT FOR `CLIENT' MONIES DEPOSITED BY DEFENDANTS HE REPRESENTS TO PAY FINES, COURT COSTS AND RESTITUTION ASSESSED AGAINST OR IMPOSED UPON SUCH DEFENDANTS?
Public officers may exercise only those substantive powers conferred, expressly or by implication, by statute. Molwin Inv. Co. v. Turner, 167 So. 33 (Fla. 1936); McGaley v. McLeod,135 So.2d 446 (3 D.C.A. Fla., 1961). State officers have such powers as may have been delegated to them by express constitutional and statutory provisions, or as may properly be implied from the nature of particular duties imposed upon them, but have no powers beyond those granted by express provision or necessary implication. Moreover, where there is reasonable doubt as to the lawful existence of a power being exercised by an officer, it should not be assumed. See generally, 81A C.J.S. States s 120, Edgerton v. International Co., 89 So.2d 488 (Fla. 1956); State exrel. Greenberg v. Florida State Board of Dentistry, 297 So.2d 628
(1 D.C.A. Fla., 1974), cert. dismissed, 300 So.2d 900 (Fla. 1974); cf., AGO's 78-46, 78-101, 78-151. (The principles of law discussed therein with respect to constitutional county officers apply with equal force and effect to constitutional state officers.)
Section 18, Art. V, State Const., provides for a Public Defender in each judicial circuit who `shall perform duties prescribed bygeneral law.' (e.s.) The duties of Public Defenders are enumerated in s 27.51, F.S. Subsection (1) provides that Public Defenders shall `represent, without additional compensation, any person who is determined by the court to be indigent' who is charged with a felony or a misdemeanor in which he faces imprisonment, who is alleged to be a delinquent child or who faces a petition for involuntary commitment as a mentally ill or retarded person. Essentially, it is the duty of the Public Defender to represent indigents (as determined by the court) in criminal prosecutions and the office of the Public Defender has no statutory authority or duty to render counsel or services of any nature to its `clients' in any noncriminal matter. The collection or enforcement of fines and court costs assessed against an indigent defendant or the collection and payment of restitution ordered to be made by an indigent defendant in a criminal prosecution is a post-conviction noncriminal matter. No provision of Part II of Ch. 27, F.S., authorizes or requires the Public Defenders to perform or assist in performing such functions or to furnish any such services to a convicted indigent defendant in a criminal prosecution. In criminal matters it does not appear that the Public Defender's duty to represent indigents in a criminal prosecution extends beyond the conviction and sentencing of an indigent defendant (or taking an appeal therefrom). Subsections (1)(a) and (b) speak only of persons charged or under arrest for felonies or misdemeanors. Although the Public Defender is authorized to take appeals in indigents' criminal cases, he is not also authorized to handle, for example, motions for post-conviction relief under Rule 3.850, Fla.R.Cr.P. Post-conviction proceedings, while heard in criminal court, are not regarded as criminal in nature; instead, they are seen as civil proceedings. State v. Weeks, 166 So.2d 892 (Fla. 1964); Tolar v. State, 196 So.2d 1 (4 D.C.A. Fla., 1967); Lett v. State, 195 So.2d 608 (2 D.C.A. Fla., 1967).
Chapter 83-256, Laws of Florida (amending s 27.56(1)(a), F.S.), injects the assessment of court costs by the court into criminal proceedings by stating that, at the sentencing hearing or at any stage of the proceeding the court deems appropriate, the Public Defender, the special assistant public defender or the court appointed private attorney representing an indigent defendant `shall move the court to assess attorney's fees and costs against the defendant.' While the assessment of these costs takes place during the sentencing proceeding, their enforcement and collection appear to be a civil rather than criminal matter. The court's assessment creates a lien enforceable against the real and personal property of the defendant by the county commission in the county in which the defendant was tried. See, s 27.56(2), F.S. Section 27.56(7) provides the defendant a chance to object to the assessment at a hearing at which he will be `accorded the procedures and rights provided in the laws and court rules pertaining to civil cases at law.' Nonpayment of costs subjects the defendant to civil contempt citation, s 27.561(2), F.S. See, Pugliese v. Pugliese, 347 So.2d 422 (Fla. 1977), which distinguishes between civil and criminal contempt. In any event a contempt proceeding is not for the prosecution of a felony or a misdemeanor, but a proceeding concerning the violation of a court order. As for fines, s 922.02, F.S., providing for the execution on a sentence imposing a fine, states:
 Execution on a sentence imposing a fine may be issued in the same manner as execution on a judgment in a civil action, whether or not the sentence also imposes imprisonment.
Chapter 83-256, Laws of Florida, also amended s 948.03, F.S., to require the court to make reparation or restitution a condition of probation, unless the court determines that compelling and extraordinary reasons exist to the contrary. Moreover, fines may also be imposed as a condition of probation. See, AGO 83-38. But the payment of court costs, fines and any reparation or restitution ordered by the court as a condition of probation, or otherwise by judgment of the court, is not a part of a criminal prosecution, and no provision of Part II of Ch. 27, F.S., authorizes or requires the Public Defenders to render any services or perform any function in connection with such noncriminal matters.
Since collection or enforcement of fines and court costs or reparation or restitution ordered by the court does not relate to or have any connection with the defense of criminal prosecutions and defaults therein do not subject an indigent defendant in a criminal prosecution to any criminal liability, it would appear that Public Defenders have no statutory duty that may be necessarily implied from any express statutory provision to represent an indigent defendant in such noncriminal matters.
Therefore, a Public Defender is not authorized by law to maintain an official escrow account for `client' monies deposited by indigent defendants to pay fines, court costs, and reparation or restitution ordered by a criminal court.
Sincerely,
Jim Smith, Attorney General
Prepared by: Jason Vail, Assistant Attorney General