John W. Bakas, Jr Attorney for the Children's Board of Hillsbrough County
QUESTION: If the Children's Board of Hillsborough County, created pursuant to s. 125.901, F.S. 1989, designates personnel positions to be filled, adopts job descriptions, establishes minimum standards, and sets an initial salary range, may the board delegate to its executive director the authority to employ personnel, terminate personnel subject to ratification by the board, and grant annual salary increases if funds have been budgeted by the board?
SUMMARY: The Children's Board of Hillsborough County, may delegate to its executive director the authority to employ or terminate personnel or grant salary increases to such personnel provided that the board supervises the exercise of such duties or adopts or ramifies the actions taken by the executive director.
The Children's Board of Hillsborough County (board) was established by county ordinance pursuant to s. 125.901, F.S. 1989, as an independent special district to provide juvenile welfare services throughout the county.[1] The board's creation was approved by referendum which also authorized the levy of ad valorem taxes.[2] While the board apparently is subject to a civil service law,[3] you state that the civil service act does not affect your question.
The board is responsible for, among other things, providing:
 1) child guidance, psychological or psychiatric clinics for juveniles, 2) the care of dependent juveniles and other services for all juveniles, 3) allocating and providing resources for other agencies in the county operating for the benefit of juveniles provided that they are not under the exclusive jurisdiction of the public school system.[4]
When a statute imposes a duty upon a public officer to accomplish a governmental purpose, it also confers by implication every particular power necessary or proper for the complete exercise or performance of that duty is not a violation of law or public policy.[5] Moreover, the board is authorized to employ and pay, on a part-time or full-time basis, such personnel as is needed to execute the powers and duties imposed upon the board.[6]
While public officials, in the absence of a statute, may not delegate to a subordinate those powers and functions which are discretionary or quasi-judicial or which require the exercise of discretion, the general rule is that mere ministerial functions may be delegated.[7] The courts have recognized that a public officer has the implied authority to employ others in ministerial or clerical functions to assist him in carrying out his statutory imposed duties so long as the public officer supervises such activities or adopts or ramifies such activities.[8]
To the extent that the board supervises the employment of personnel by designating the positions to be filled, adopting job description, establishing minimum qualifications and setting an initial salary range for the position, I am of the opinion that the board may delegate to the executive director the responsibility for filling such positions subject to those terms and conditions. You state that the termination of personnel is subsequently ratified by the board. Accordingly, there would not appear to be an unlawful delegation where the termination of personnel by the executive director must be subsequently ratified by the board.
Finally, you ask about the granting of annual salary increases to personnel if the total amount to be allocated for increases for all employees has been previously budgeted by the board. From information provided to this office, it appears that the executive director would have the discretion to allocate the funds budgeted by the board in any manner he deemed appropriate, without review or ratification by the board. As stated above, the board possesses the authority to employ an executive director to perform ministerial functions so long as the board supervises the activities of the executive director or adopts or ramifies his actions. Accordingly, I am of the opinion that if the authority to grant salary increases is delegated to the executive director, the board must either supervise the granting of such increases or ratify or adopt the increases granted by the executive director.
RAB/tjw
[1] Section 125.901, F.S., was amended by the 1990 Legislature. See, S. 30, Ch. 90-288, Laws of Florida. The board, however has chosen not to be subject to that amendment.See, s. 31, Ch. 90-288, supra, which states that all districts created pursuant to s. 125.901, F.S., as they existed prior to October 1, 1990, shall continue to operate under those provisions or may, at its own option, comply with the provisions of s. 125.901, F.S., as amended by Ch. 90-288, Laws of Florida.
[2] See, s. 125.901(4)(d), F.S. 1989, providing that the district may levy ad valorem taxes annually on all taxable property in the county in an amount no to exceed one-half mill, provided that the authority to levy such taxes has been approved by a majority vote of the electors in the district voting in the elections.
[3] See, Ch. 85-424, Laws of Florida.
[4] Section 125.901(3)(a)1.-3., F.S. 1989.
[5] See, Peters v. Hansen, 157 So.2d 285 (Fla. 1963). In re Advisory Opinion to the Governor, 60 So.2d 285 (Fla. 1952).And see, Molwin Inv. Co. v. Turner, 167 So. 33 (Fla. 1936) (county commission could expend funds to hire auditors as this action could be implied from the county commission's statutory duties); AGO 68-20.
[6] Section 125.901(3)(a)7., F.S. 1989.
[7] See generally, 67 C.J.S. Officers s. 194; and 73 C.J.S. Public Administrative Law and Procedure s. 56 (in the operation of any public administrative body, subdelegation of authority, impliedly or expressly, exists and must exist to some degree).
[8] See, Peters v. Hansen, supra and authorities cited therein.