WILLSON, J. H., Associate Judge.
The appellants, as tax payers, brought an action attacking the validity of a contract between the appellees, L. O. Hansen, as Tax Assessor of Broward County, Florida, and Hunnicutt & Associates, Inc., a Florida •corporation. Motions for summary judgment were filed by both appellants and ap-pellees. Appellees’ motion was granted.
Appellants, conceiving that the trial court had construed controlling provisions of the Florida Constitution, appealed to the Supreme Court. It declined jurisdiction, and transferred the appeal to this Court for disposition.
The contract in question is the familiar one, in which a tax assessor employs an appraisal firm to make a reappraisal and revaluation of the taxable property in his county, for the purpose of equalizing assessed valuations, and thereby effecting a more equitable distribution of the tax burden. This is well within the scope of the tax assessor’s duties.
Appellants maintain that the contract is void on several grounds. If we have correctly followed their argument, its main thesis is that Article VIII, Section 7, of the Constitution of Florida, F.S.A., provides the exclusive method for furnishing the tax assessor with the assistance necessary to carry out his duties. The relevant portion of this provision reads as follows:
“The Legislature shall by law authorize the County Commissioners of the several counties, where it is deemed necessary for assessment purposes to divide their respective counties into taxation districts, and to appoint in, and for each district, an Assistant Assessor of Taxes, whose powers, duties, and compensation, shall be prescribed by law.”
The Legislature has in fact made provision for assistant assessors of taxes. Section 193.18, Fla.St., F.S.A., but the statute has not been invoked by the County Commissioners of Broward County. The adoption of appellants’ interpretation of the constitutional precept to the Legislature, set forth in Article VIII, Section 7, would require us to hold that the tax assessor must perform all the duties of his office without assistance; except that which might be rendered by a statutory assistant assessor of taxes. This would be too narrow an interpretation. The constitutional provision simply directs the Legislature to confer the specified power upon the county commissioners of the respective counties, and leaves the exercise of the power to their discretion. Nothing in its language evidences an intent to set up an exclusive method for providing tax assessors with assistance in performing their duties.
*105 The chancellor held the appellee tax assessor had implied power to enter into the contract with the appellee corporation. Appellants insist that this was error. They argue that, in the absence of an empowering statute, tax assessors have no authority to enter into such contracts. They base their argument on one sentence in Article VIII, Section 6, of the Florida Constitution. Section 6 provides for the election of certain county officials, among them a County Assessor of Taxes. The sentence in question reads:
“Their powers, duties and compensation shall be prescribed by law.”
The powers and duties of tax assessors have been prescribed by law. One duty is of assessing “all property at its full cash value.” Section 193.11(1), Fla.St, F.S.A.
It is the well settled rule in this state that if a statute imposes a duty upon a public officer to accomplish a stated governmental purpose, it also confers by implication every particular power necessary or proper for complete exercise or performance of the duty, that is not in violation of law or public policy. In re Advisory Opinion to the Governor, Fla., 60 So.2d 285, and cases therein cited. The assessing of all property in his county at its full cash value imposes a heavy duty upon the tax assessor, which he cannot perform without assistance, especially in the more highly developed counties. He has the implied power to employ persons to do work of a clerical or ministerial nature, requiring no exercise of official discretion, and involving no substantial rights of the persons against whom assessments are made, where such work is done under his supervision, or he ratified or adopts it. City of Tampa v. Kaunitz, 39 Fla. 683, 23 So. 416; City of Tampa v. Mugge, 40 Fla. 326, 24 So. 489; Clements v. Starbird, 152 Fla. 555, 12 So.2d 578. Although these cases relate to the powers of municipal tax assessors, their ratio decidendi applies equally well to county assessors of taxes.
The utility of the reappraisal and revaluation on the basis of “fair market value,” rather than “full cash value,” is questioned by appellants. These terms are legally synonymous. Kaiser Co., Inc. v. Reid, 30 Cal.2d 610, 184 P.2d 879. Fair market value is the amount of money which a purchaser willing but not obliged to buy the property would pay to an owner willing but not obliged to sell it, taking into consideration all uses to which the property is adapted and might in reason be applied. City of Tampa v. Colgan, 121 Fla. 218, 163 So. 577; Root v. Wood, 155 Fla. 613, 21 So.2d 133. Fair cash value is defined in the same terms. Lynch v. Kentucky Tax Commission, 333 S.W.2d 257 (Ky.). See also Root v. Wood, supra; Butler v. Aetna Insurance Co., 64 N.D. 764, 256 N.W. 214. The contract cannot be held void for what is at the most a poor choice of language.
After the hearing on the motions for summary judgment, the appellants moved to amend their complaint by alleging that the contract was null and void for the additional reason that it was “in contravention of Sections 112.02, 112.03 and 112.04, F.S. ’59 and ’61.” The motion to amend was granted. F.S. Section 112.02, F.S.A., the only one we need consider, reads as follows :
“All persons employed to work for the state or for any county of the state, shall be bona fide residents of the state for two years next prior to such employment, except only where after due diligence no person can be found in the state possessing the required qualifications necessary to the particular employment.”
We find no judicial construction of this statute, and it is not necessary that we enter upon its construction at this time. The single item of evidence submitted by appellants in support of their claim that the contract was in contravention of this statute, was the articles of incorporation of Hunnicutt & Associates, Inc., dated April 14, 1959. Before this statute could come *106 into play, on any interpretation that might be placed upon it, there should have been at least some evidence that there are persons possessing the qualifications necessary to the particular employment, that have resided in the state for two years.
Appellants also contend the contract constitutes an unlawful delegation of the assessor’s duties. There is nothing in the language of the contract to support this contention. The affidavit of appellee tax assessor set forth facts to show that he did not delegate his duties to appellee corporation. The affidavit of the corporation’s president is to the same effect. Appellees filed no counter-affidavits. The Court rightly held that there had been no unlawful delegation of the assessor’s duties.
We find no error in the entry of the summary judgment for appellees, and it is affirmed.
KANNER, Acting C. J., and ALLEN, J., concur.