QUESTION: May a state attorney use state appropriated funds budgeted to underwrite the cost of an educational television program entitled "Consumer Survival Kit"?
SUMMARY: The state attorney has been delegated considerable consumer protection responsibilities, both expressed and implied, which would authorize the state attorney's office to expend funds from his general operations appropriation to underwrite the cost of an educational television program entitled "Consumer Survival Kit." Section 1(c), Art. VII, State Const., prohibits all expenditures from state funds except those made in pursuance of appropriations made by law, the legislative power to appropriate state funds for state purposes being exercised only through duly enacted statutes. Attorney General Opinions 057-150, 068-12, and 071-28. Moreover, as expressed in AGO 071-28: To perform any function for the state or to expend any moneys belonging to the state, the officer seeking to perform such function or to incur such obligation against the moneys of the state must find and point to a constitutional or statutory provision so authorizing him to do. The statutory authorization for expenditure of appropriated funds to carry out a statutory purpose may be expressed or implied. In Molwin Investment Co. v. Turner, et al.,167 So. 33 (Fla. 1936), the Florida Supreme Court held a county commission could expend public funds to hire auditors, as this action's authorization could be implied from the commission's statutory duties and responsibilities: The general and specific statutory powers of county commissioners as the general administrative and physical officers of the county are sufficient to support implied authority in the county commissioners to employ auditors for reasonable compensation to audit the books, records and accounts of county fee officers; that being a county purpose, and the county commissioners being constitutional officers. [167 So. at 34.] This general principle is also discussed in In re Advisory Opinion to the Governor, 60 So.2d 285 (Fla. 1952), and Peters V. Hanson, 157 So.2d 103 (2 D.C.A. Fla., 1963): It is the well settled rule in this state that if a statute imposes the duty upon a public officer to accomplish a stated governmental purpose, it also confers by implication every particular power necessary or proper for complete exercise or performance of the duty, that is not in violation of law or public policy. [157 So.2d at 105.] Implied powers, however, cannot be too far removed from the actual statutory authority. In Florida Development Commission v. Dickinson, 229 So.2d 6 (1 D.C.A. Fla., 1969), cert. denied,237 So.2d 530 (Fla. 1970), the court held the Florida Development Commission could not expend public funds for a television broadcast on public television. The court found that Ch. 288, F. S., did not grant, either expressly or by implication, the commission authority to inject itself into the public school system of the state through a television program entitled "Education in Florida, A Perspective of Tomorrow." Chapter 288, "Commercial Development and Capital Improvements," was enacted to plan and to develop new businesses and business opportunities in the state. Section 288.03. For the state attorney to expend public funds to underwrite the cost of a consumer protection educational television program, there must be constitutional or legislative authorization either expressed or implied for the state attorney to underwrite the program and the lawful appropriation therefor. If the funds for such a program are coming from the state attorney's office's general operating funds which were appropriated to his office, then a lawful appropriation would have occurred. With regard to the constitutional or legislative authorization for the state attorney to conduct the program, a review of Florida's consumer protection statutes involving duties of the state attorneys' offices is necessary. In s. 83.73, F. S., the Legislature has imposed enforcement responsibilities upon the state attorneys' offices to enforce the consumer protection provisions of Florida's mobile home park law. In Part II, Ch. 501, F. S., the state's major consumer protection statute, the Legislature has designated state attorneys' offices as enforcing authorities to rid the marketplace of unfair and deceptive trade practices. Attorney General Opinion 073- 459. In s. 559.78, F. S., state attorneys are given authority to enforce certain provisions of the Consumer Collection Practices Act, and in s. 917.561, F. S., the state attorneys are delegated with the responsibility of enforcing the state's deceptive advertising laws. There can be little doubt the Legislature has mandated the state attorney as one of the chief consumer protectors in the State of Florida. In order to carry out his mandated duties, the state attorney can use his expressed statutory powers such as injunctive relief and cease and desist orders and he may use his implied powers such as educating consumers on what they can do to protect themselves in the marketplace. Therefore, since the Legislature has appropriated funds to the state attorneys' offices to carry out their duties and one of their duties is consumer protection, it seems clear that the state attorney can exercise his discretion to use appropriated funds for consumer protection educational programs. Having thus determined that the state attorney has been delegated certain expressed and implied powers by the Legislature in the area of consumer protection, the state attorney may exercise his discretion to expend funds from the general operations appropriation to underwrite the cost of an educational consumer protection television program.