QUESTION: May the clerk of a circuit court use funds of his office, either from the budgeted sources or from excess fees generated by the operation of his office, to pay private legal counsel for legal services rendered which are necessary to the proper operation of the office?
SUMMARY: If a county attorney is available, qualified, and authorized to render legal services to a clerk of circuit court, then, in the absence of exceptional circumstances, the clerk should not expend the funds of his office to obtain additional private legal counsel, but should rely on the county attorney for legal assistance in the operation of the clerk's office. If a county attorney is not available, qualified, or authorized to act, or if exceptional circumstances do exist (such as a controversy arising under s. 129.09, F. S.), then a circuit court clerk may expend properly budgeted funds of his office for legal assistance reasonably necessary for the operation thereof. Initially, it should be noted that there is no express provision in the statutes empowering clerks of circuit court to employ private counsel. Cf. s. 28.06, F. S., authorizing clerks to appoint deputies. Nor is there any provision in the statutes which requires the clerks of circuit court to utilize the services of any publicly employed attorney, such as the county attorney. Accordingly, the long-established rule prevails that if a public officer is charged by law with a specific duty, and the means by which the duty is to be accomplished are not specially provided for, the public officer has the implied power to use such means as are reasonably necessary to the successful performance of the required duty, which might include the power to employ private counsel. See generally, In Re Advisory Opinion to the Governor, 60 So.2d 285
(Fla. 1952); Peters v. Hansen, 157 So.2d 103 (2 D.C.A. Fla., 1963); cf. State v. Clausen, 146 P. 630 (Wash. 1915). Applying this rule to the instant inquiry, in AGO 074-192 it was concluded that, ordinarily, the services of a publicly employed attorney, available and qualified to act, will be sufficient to protect the public interest; and, in the absence of the exceptional circumstances discussed in that opinion, the expenditure of public funds for additional private counsel would be unwarranted and constitute an abuse of discretion. Accord: Attorney General Opinion 071-166. Consistent with this view, I am of the opinion that if a county attorney or other publicly employed attorney is available, qualified, and authorized to render legal services to a clerk of circuit court, then, in the absence of exceptional circumstances (such as a controversy between a clerk and the board of county commissioners over the legality of a claim against county funds, see s. 129.09, F. S.), the employment of additional private counsel by the clerk would not be reasonably necessary to the successful performance of his duties, and the funds of his office should not be expended therefor. In those situations in which a county attorney is not available, qualified, or authorized to act or in which exceptional circumstances do exist, it would appear that a clerk of circuit court may expend the properly budgeted funds of his office for necessary legal assistance in the same manner that he may expend such funds for other personnel reasonably necessary for the operation of the clerk's office. Cf. Biennial Report of the Attorney General, 1929-1930, pp. 316-317; and AGO 051-8, January 11, 1951, Biennial Report of the Attorney General, 1951-1952, p. 224, in which it was concluded that, because of the exceptional circumstances described therein, the board of county commissioners could pay from county funds the fees incurred by a county tax assessor whose office had not collected enough excess fees to pay the attorney's fees. In this regard, I concluded in AGO 073-424 that a circuit court clerk is a fee officer unless, by agreement with the board of county commissioners pursuant to s.145.022, F. S., he is guaranteed an annual salary and all fees collected by him are turned over to the board. As a fee officer, a clerk is required to establish an annual budget showing expected revenues and the functions for which money is to be expended, s.218.35(1) and (2), F. S.; and, at the end of the fiscal year, he is required to make a report to the board of county commissioners showing his "official expenses" and any "net income or unexpended budget balance," and pay into the county general revenue fund any moneys in excess of the salary to which he is entitled under Ch. 145, F. S. Section 218.36(1) and (2), F. S. As to whether a county charter may expressly require a circuit court clerk to utilize county legal services, I stated in AGO 073-356 that: A provision in a county charter requiring county officials to use county purchasing, personnel, legal, and budgeting services, if not inconsistent with general law or special law approved by vote of the electorate, would be valid. (Emphasis supplied.)