The Honorable Nevin Smith Secretary of Administration
QUESTIONS:
1. May an agency head authorize travel and pay mileage and/or per diem expenses to an agency employee required to relocate to new official headquarters within the agency or are such expenses `perquisites' which must be approved by the Department of Administration prior to the travel being performed?
2. May an agency head authorize travel and pay mileage and/or per diem expenses to an agency employee required to relocate to new official headquarters within the agency regardless of whether the agency head has requested approval of the Department of Administration for payment of the employee's moving expenses?
SUMMARY:
If an agency head determines that the reassignment and relocation of an agency employee is necessary in order to carry out the statutorily prescribed duties and functions of the agency and to effectuate its prescribed role, the agency head has the discretionary power to authorize under the provisions of s.112.061, F.S., without prior approval of the Department of Administration, the payment of mileage and/or per diem or subsistence allowance to the reassigned and relocating employee for the travel from the old official headquarters to the new official headquarters. This discretionary power on the part of the agency head exists regardless of whether the agency head has requested prior approval of the Department of Administration for payment of the employee's moving expenses. However, the cost of packing and shipping of household goods or a mobile home is a `moving expense' as defined by Rule 22K-11.03(1), Rules of the Department of Administration which must be approved by the Department of Administration prior to the move.
AS TO QUESTION 1:
The answer to your first question will necessarily turn upon whether the reimbursement for travel expenses incurred by an agency employee required to relocate to new official headquarters constitutes a travel expense, which may be authorized and approved by an agency head under s. 112.061, F.S., or a moving expense and thus a perquisite, which must be approved by the Department of Administration prior to the travel being performed pursuant to ss.216.011(1)(f), 216.262(1)(e), F.S., and Chapter 22K-11, Rules of the Department of Administration. The state uniform travel expense law, s. 112.061(3), F.S., provides in pertinent part as follows:
 (a) All travel must be authorized and approved by the head of the agency, or his designated representative, from whose funds the traveler is paid. The head of the agency shall not authorize or approve such a request unless it is accompanied by a signed statement by the traveler's supervisor stating that such travel is on the official business of the state and also stating the purpose of such travel.
 (b) Traveling expenses of travelers shall be limited to those expenses necessarily incurred by them in the performance of a public purpose authorized by law to be performed by the agency and must be within the limitations prescribed by this section.
Agency head or head of the agency is defined by s. 112.061(2)(b) as `[t]he highest policy-making authority of a public agency, as herein defined.'
The lawful incurring of travel expenses is a matter which can only be determined on a case by case basis. It is clearly implicit from the above cited sections that the agency head or designee has the initial and mandatory duty of determining that the travel is necessary for a public purpose authorized by law to be performed by the particular agency and that the travel is necessary in order for the traveler to carry out his official duties and the official business of the state. Under the above provisions of the travel expense law, the Legislature granted the agency head a great deal of discretionary power to approve or disapprove travel. Likewise, an agency head generally has the power to transfer or reassign agency employees to other offices and divisions of the agency to perform the same or different duties and functions for the agency. These powers are based upon the agency head's unique knowledge and understanding of the operations of a particular agency. The general rule is that where a statute imposes a duty upon a public officer to accomplish a stated governmental purpose, it also confers by implication every particular power necessary or proper for the complete exercise or performance of duty that is not in violation of law or public policy. Peters v. Hansen, 157 So.2d 103
(2 D.C.A. Fla., 1963); In re Advisory Opinion to the Governor,60 So.2d 285 (Fla. 1952). See also State ex rel. Orrell v. Johnson,147 So. 254, 257 (Fla. 1933) (which held that administrative boards have discretion in determining how, when, and where they shall act within their statutory powers). Therefore, it is my opinion that the discretionary power granted to the agency head in s. 112.061(3)(a), F.S., as well as the agency's authority to carry out its statutorily prescribed duties and functions and to operate the agency to effectuate its prescribed role may encompass a decision by the agency head to approve the travel expenses of an agency employee who is reassigned and required to relocate to new official headquarters within the agency if the agency head feels the transfer is necessary in order to carry out the duties and functions of the agency. By `travel expenses' I mean the usual ordinary and incidental expenditures necessarily incurred by a traveler. See s. 112.061(2)(g), F.S. Travel expenses for a relocating agency employee reassigned or transferred to another office or division of the agency would include the mileage allowance and, where appropriate, a per diem or subsistence allowance while traveling from the old official headquarters to the new official headquarters. This view is not inconsistent with previous opinions issued by this office which have uniformly interpreted s. 112.061 as authorizing reimbursement of travel expenses of an employee only for authorized travel while away from official headquarters. A reassigned and relocating employee is certainly away from official headquarters while relocating from the old to the new official headquarters.
An agency head, however, may not make a commitment to expend state funds for the payment of a relocating agency employee's moving expenses without the prior approval by the Department of Administration. Chapter 22K-11, Rules of the Department of Administration establishes the procedures to be followed by an agency in requesting approval to pay moving expenses for any officer or employee of the state. These rules were promulgated pursuant to ss. 216.011(1)(f) and 216.262(1)(e), F.S. See Rule 22K-11.02, Rules of the Department of Administration. Section 216.261(1)(e), F.S., states, in pertinent part, that `[w]henever a state agency is to furnish those things defined as perquisites herein, the Department of Administration shall approve the kind and monetary value of such perquisites before the same may be furnished.' Section 216.011(1)(f), F.S., defines the term `perquisites' as follows:
 (f) `Perquisites' means those things, or the use thereof, or services of a kind which confer on the officers or employees receiving same some benefit that is in the nature of additional compensation, or which reduces to some extent the normal personal expenses of the officer or employee receiving the same, and shall include, but not be limited to, such things as quarters, subsistence, utilities, laundry services, medical service, use of state-owned vehicles for other than state purposes, servants paid by the state, and other similar things. (Emphasis supplied.)
According to Rule 22K-11.03(1) of the Department of Administration, "moving expenses' means, and is limited to, the cost of packing and shipping of household goods or a mobile home.' The agency head or the designated representative must request approval of moving expenses for all subordinate employees in the agency and no commitment to expend state funds for the payment of moving expenses shall be made by an agency head without prior approval by the Department of Administration. See Rules 22K-11.04(7) and (8), Rules of the Department of Administration. Payment of moving expenses may include moving of household goods by a certificated common carrier, a state-owned vehicle, or a rental truck or trailer. Also, payment may be made for the moving of an employee's privately owned mobile home. Rule 22K-11.04(10), Rules of the Department of Administration.
It is my opinion that the above rules regarding payment of employee's moving expenses promulgated by the Department of Administration pursuant to ss. 216.011(1)(f) and 216.262(1)(e), F.S., are dealing with matters separate and apart from travel expenses, i.e., mileage and/or per diem or subsistence expenses contained in s. 112.061, F.S., and therefore an agency head may authorize under the provisions of s. 112.061, without prior approval of the Department of Administration, the payment to a reassigned and relocating agency employee for mileage and/or per diem or subsistence expenses incurred by the employee in traveling from the old official headquarters to the new official headquarters if the agency head determines the transfer is necessary to carry out the duties and functions of the agency and on the official business of the state. Such travel is not a `moving expense' as that term is defined by Rule 22K-11.03(1), Rules of the Department of Administration or a `perquisite' is that term is defined in s. 216.011(1)(f), F.S. The reimbursement is only for the expenses incurred for mileage and possibly per diem or subsistence allowance in relocating the employee to another office or division of the agency and not the employee's personal effects and property. The reimbursement for such travel is not `additional compensation' and does not reduce the employee's `normal personal expenses.' The idea of reimbursement for actual expenses incurred incident to the performance of duties does not fall within the ordinary definition of the term perquisite. See 70 C.J.S. Perquisite, p. 686. I therefore concur with your opinion that an employee who is required to relocate to a new work location is on official business of the state while in travel status from the old official headquarters to the new official headquarters and should be reimbursed for travel expenses incurred as authorized by the agency head.
In addition, it is also my opinion that a relocating agency employee, whose travel from the old official headquarters to the new official headquarters has been approved by the agency head, may load some personal effects into his or her motor vehicle without transforming a `travel expense' into a `moving expense' as defined by the Department of Administration's rules. However, if the relocating agency employee rents a truck, employs a certificated common carrier or rents a trailer to be pulled by his or her motor vehicle to move household goods (see Rule 22K-11.03(2), Rules of the Department of Administration), then prior approval by the Department of Administration of this additional expense is necessary pursuant to Rules 22K-11.02 and 22K-11.04(7), Rules of the Department of Administration. The authorization and approval of the agency head is insufficient as this action now constitutes a `moving expense' as defined by Rule 22K-11.03(1), Rules of the Department of Administration. In this instance approval by the Department of Administration for the moving expenses is necessary prior to the travel being performed.
AS TO QUESTION 2:
Your second question asks whether an agency head's authority to authorize and approve travel expenses of an agency employee required to relocate to new official headquarters is contingent upon whether the agency head has requested approval of the Department of Administration for payment of the employee's moving expenses. Since I have been unable to find any authority which imposes such a requirement, it is my opinion that an agency head's authority to approve travel expenses is not dependent upon the prior approval of moving expenses by the Department of Administration. It thus follows that an agency head may authorize travel and the payment of mileage and/or per diem or subsistence expenses to a relocating agency employee regardless of whether the agency head has requested approval of the Department of Administration for payment of the moving expenses of the employee.
Prepared by: Linda Lettera, Assistant Attorney General