The Honorable Samuel R. Shorstein Secretary, Department of Professional Regulation
QUESTION:
Under the provisions of s. 476.174, F.S. and ch. 455, F.S., may a candidate from Cuba or from any other foreign country who is applying to take the State Barber Examination and is unable to furnish a copy of his license from that country as partial fulfillment of the examination requirement substitute two (2) affidavits from common citizens of that country attesting that he was duly licensed to practice and had practiced for at least one (1) year in that country to establish that part of the eligibility to sit for the examination?
SUMMARY:
The Barber's Board may employ any reasonable means appropriate to determine whether a particular applicant for examination and licensure as a barber in this state meets the requirement of s. 476.174(1), F.S., that such applicant has held a valid license or certificate of registration as a practicing barber in another country for at least one year.
Subsection (1) of s. 476.174, F.S., provides:
 Any person who is at least 17 years of age and who has held a valid license or certificate of registration as a practicing barber in another state or country for at least 1 year shall be eligible, upon payment of the required fee, to take an examination to determine his fitness to practice as a barber.
The pertinent provisions of ch. 455, F.S., provide:
 455.201(4) . . . the term `profession' shall also mean `occupation.'
 455.10 No person shall be disqualified from practicing an occupation or profession regulated by the state solely because he is not a United States Citizen.
 455.11(1) It is the declared purpose of this section to encourage the use of foreign-speaking Florida residents duly qualified to become actively qualified in the professions so that all Florida citizens may receive better services.
 45.213(1) Any person desiring to be licensed shall apply to the department in writing to take the licensure examination. The application shall be made on a form prepared and furnished by the department.
 455.213(2) Upon receipt of the license fee, the department shall issue a license to any person certified by the appropriate board as having met the licensure requirements imposed by law or rule.
Prior to 1965, a person who could `prove by sworn affidavit that he or she (had) practiced as a barber in another state or country for at least five years immediately prior to making application in the State' was `eligible to take an examination to determine his or her fitness to practice as a registered barber.' Section 11, ch. 19183, 1939, Laws of Florida (s. 476.11(1)(b)(2)., F.S. 1963). This provision was deleted in 1965, with the result that currently ch. 476 contains no specific provision regarding documentation or proof of a license held in another state or country, but requires only that a barber have `held a valid license or certificate of registration as a practicing barber in another state or country for at least one year' (emphasis supplied) to become eligible, if otherwise qualified, to take an examination to determine his or her fitness to practice as a barber in Florida. Section 476.174(1), F.S. The statute does not prescribe any method to establish or prove such prior licensure and does not require production of the foreign license or certificate.
Barbers having held a valid license or certificate of registration as a practicing barber for one year or more in a country other than the United States receive the protection afforded by ss.455.10 and 455.11(1), F.S., quoted above. Read together, these two provisions have the effect of fostering qualified foreign practitioners for licensure in Florida by restricting the board's use of a citizenship requirement, and by expressly encouraging the licensing of foreign-speaking Florida residents in their professions or occupations. Chapter 455, originally enacted in 1972, was substantially rewritten in 1974, in response to circumstances created by the increasing number of Cuban exiles residing in Florida. (Chapter 74-105, Laws of Florida.) The thrust of the 1974 revision was for the Legislature to declare its intent, findings, and purpose regarding the exiles and to provide for qualified foreign practitioners in the various professions or occupations to be licensed to practice within Florida. This declaration of legislative intent has been retained in ch. 455, and at present is expressed in ss. 455.10 and 455.11(1), F.S.
While ss. 455.10 and 455.11(1), F.S., pertain to foreign practitioners attempting to qualify for licensure in Florida, s.455.213(1) and (2) refer to all applicants for examination and licensure in Florida. In accordance with s. 455.213(1) and (2), F.S., an applicant for examination and licensure in Florida shall be licensed in his particular occupation or profession upon payment of the license fee to the department, and upon certification by the particular board that all license requirements imposed by law or rule have been met. Certification of applicants for licensure is a statutory duty imposed upon each board which, in the absence of specific legislative direction, carries with it by implication the power to employ appropriate means to verify that the prescribed qualification and license requirements have been met by the applicant. See, e.g., Peters v. Hansen, 157 So.2d 103 (2 D.C.A. Fla., 1963); Molwin v. Turner,167 So. 33 (Fla. 1936); State ex rel. Citizens Proposition for Tax Relief v. Firestone, 386 So.2d 561 (Fla. 1980).
Reading ss. 476.174(1) and 455.213(1) and (2) in pari materia, I conclude that the Barber's Board possesses implied authority to verify that an applicant for examination as a barber in Florida has held a valid license or certification of registration as a practicing barber in another country for one year or more, and in so doing to employ any appropriate and reasonable means to determine a particular applicant's eligibility to take an examination to determine his or her fitness to practice barbering in this state.
Prepared by: Susan Tully, Assistant Attorney General