Mr. Frank A. Howard, Jr. School Board Attorney Dade County Public Schools Administrative Office Lindsey Hopkins Building 1410 Northeast Second Avenue Miami, Florida 33132
Dear Mr. Howard:
This is in response to your request for an opinion on the following question:
 MAY A DISTRICT SCHOOL BOARD LAWFULLY EXPEND SCHOOL FUNDS FOR PRE-EMPLOYMENT PHYSICAL EXAMINATIONS FOR PROSPECTIVE SCHOOL BUS DRIVERS?
Section 234.091, F.S., specifying general qualifications of school bus drivers, requires that every such driver `shall be of good moral character, of good vision and hearing, able-bodied, free from communicable disease, mentally alert, and sufficiently strong physically to handle the bus with ease and to make emergency repairs . . . .' This statute goes on to require, among other things, that school bus drivers must possess such other qualifications as are prescribed by the State Board of Education. Section 234.101, F.S., provides that `[t]he State Board of Education shall adopt requirements which shcool bus drivers must meet prior to employment by district school boards.'
The rules of the State Board of Education implementing these provisions of the Florida Statutes are contained in Chapter 6A-3, F.A.C., relating to transportation of students. Specifically, Rule 6A-3.14(1)(f), F.A.C., requires that at the time of initial employment the school board shall assure that the driver of a school bus `[i]s physically capable of operating the vehicle as determined by a physical examination prescribed by the commissioner of education and given by a physician designated by the school board.' Rule 6A-3.17, F.A.C., relating to the responsibilities of the district school boards for student transportation, provides that each school board shall exercise specific powers and responsibilities `[t]o officially name, after considering recommendations of the superintendent, prior to August 1, a properly licensed physician or physicians other than members of the school board or superintendent, to examine all school bus drivers and driver applicants during the ensuing school year.' (e.s.) Included as one of the duties and responsibilities of the superintendent, acting as executive officer for the school board, is `[t]o recommend a physician or physicians to give physical examinations to bus drivers and to ascertain and insure that all examinations are carried out as required.' Rule 6A-3.18(2)(b), F.A.C.
You question whether these duties and responsibilities imposed on the school board to insure that school bus drivers are physically fit for driving school buses and to designate physicians who will examine driver applicants is sufficient to authorize the school board to pay for the pre-employment physical examinations.
The authority to pay for pre-employment physical examinations for school bus drivers is not expressly conferred by statute or rule of the State Board of Education on the district school boards and therefore would have to be implied from the nature of the powers and duties expressly conferred. The general rule regarding implied powers is that when the authority is given or a duty imposed by statute to accomplish a stated governmental purpose, there is also given by implication authority to do everything necessary or proper to accomplish the purpose that is not a violation of law or public policy. See, Bailey v. Van Pelt, 82 So. 789 (Fla. 1919); State ex rel. Martin v. Michell, 188 So.2d 684 (4 D.C.A. Fla., 1966), adopted as ruling of Supreme Court and cert. disch'd.,192 So.2d 281 (Fla. 1966); In re Advisory Opinion to the Governor,60 So.2d 285 (Fla. 1952); Peters v. Hansen, 157 So.2d 103 (2 D.C.A. Fla., 1963). At 67 C.J.S. Officers s 192 (1978), it is stated that `[i]n addition to powers expressly conferred on him by law, an officer has by implication such powers as are necessary for the due and efficient exercise of those expressly granted, or such as may be fairly implied therefrom.' An express power duly conferred may include implied authority to use means necessary to make the express power effective. In Molwin Investment Co. v. Turner,167 So. 33 (Fla. 1936), the Florida Supreme Court concluded that the general and specific statutory powers of county commissioners, as the general administrative and fiscal officers of the county, were sufficient to support implied authority in the county commissioners to employ auditors for reasonable compensation to audit the books, records and accounts of county fee officers. This general rule is expressed legislatively in s 230.22(5), F.S., where it is provided that `[t]he school board may perform those duties and exercise those responsibilities which are assigned to it by law or by regulations of the state board and, in addition thereto, those which it may find to be necessary for the improvement of the district school system in carrying out the purposes and objectives of the School Code.'
Accordingly, based on these statutory provisions and rules of the State Board of Education and the aforecited judicial decisions, I conclude that a district school board has the authority to pay for pre-employment physical examinations for prospective school bus drivers as a necessary and proper expenditure in order to carry out authority or duty expressly conferred or imposed by law. A school bus driver by statute is required to be of good vision and hearing, able-bodied, free from communicable disease, mentally alert, and sufficiently strong physically to handle the bus with ease and to make emergency repairs and to meet requirements adopted by the State Board of Education prior to employment and possess such other qualifications as are prescribed by the State Board of Education. Sections 234.091, 234.101, F.S.; Rules 6A-3.14(1)(f), 6A-3.17, 6A-3.18(2)(b), F.A.C. In order to comply with this mandate such prospective bus drivers are required to submit to a physical examination prescribed by the commissioner of education and given by a physician or physicians designated by the school board.
It is therefore my opinion that the Dade County School Board is authorized to expend school funds for pre-employment physical examinations for prospective bus drivers.
Sincerely,
Jim Smith, Attorney General
Prepared by: Craig Willis, Assistant Attorney General