The Honorable Dorothy H. Wilken Clerk of the Circuit Court Post Office Box 229 West Palm Beach, Florida 33402-0229
Dear Ms. Wilken:
You ask substantially the following question:
Does the word "assist" in section 741.30(2)(c)1.,[1] Florida Statutes, requiring the clerk to provide assistance to petitioners in seeking injunctions for protection against domestic violence, authorize the clerk to provide counseling, legal advice, and other assistance or is the clerk's role limited to clerical assistance in filling out petitions for injunctions?
In sum:
The term "assist" as used in section 741.30(2)(c)1., Florida Statutes, would appear to relate to the provision of clerical assistance to petitioners in filling out petitions for injunctions in domestic violence cases.
Section 741.30, Florida Statutes, provides for the issuance of an injunction in cases of domestic violence and prescribes the duties of the court and the clerk. Subsection (2)(c) of the statute provides:
1. The clerk of the court shall assist petitioners in seeking injunctions for protection against domestic violence.
2. All clerks' offices shall provide simplified petition forms including instructions for completion.
3. The clerk of the court shall advise petitioners of the availability of affidavits of insolvency or indigence in lieu of payment for the cost of the filing fee, as provided in paragraph (a).
4. The clerk of the court shall ensure the petitioner's privacy to the extent practical while completing the forms for injunctions for protection against domestic violence.
5. The clerk of the court shall provide petitioners with a minimum of two certified copies of the order of injunction, one of which is serviceable and will inform the petitioner of the process for service and enforcement.
6. Clerks of court and appropriate staff in each county shall receive training in the effective assistance of petitioners as provided or approved by the Florida Association of Court Clerks.
7. The clerk of the court in each county shall make available informational brochures on domestic violence when such brochures are provided by local certified domestic violence centers.
8. The clerk of the court in each county shall distribute a statewide uniform informational brochure to petitioners at the time of filing for an injunction for protection against domestic violence or repeat violence when such brochures become available.
You state that your office does not offer professional counseling or legal advice to victims of domestic violence. According to your letter, however, a question has arisen as to whether you should offer more programs and legal services to victims of domestic violence than mere clerical assistance.
The courts and this office have recognized that the clerk, although a constitutional officer, possesses only such powers as have been expressly or necessarily implied.[2] However, where a statute imposes a duty on an officer, unaccompanied by definite directions as to how the authority is to be exercised, such a grant implies a right to employ the means and methods necessary to comply with the statute.[3]
The language of section 741.30(2)(c), Florida Statutes, quoted above was added in 1991.[4] Prior to that time, the language in section 741.30 provided that "[t]he clerk of the court shall provide a copy of this section, simplified forms, the financial affidavit if required by Rule 1.611(a), Florida Rules of Civil Procedure, and clerical assistance for the preparation and filing of such a petition and financial affidavit by any victim who is not represented by counsel." Such language was similar to that currently found in section 784.046(3)(a), Florida Statutes, which relates to actions by victims of repeat violence for protective injunctions.[5]
An examination of the legislative history surrounding the 1991 amendment indicates that the legislation sought to revise the form and filing procedures related to an injunction for protection against domestic violence and that "clerks of court trained in these issues are to assist petitioners at the time of filing."[6]
(e.s.) As set forth in the staff analysis for the legislation,
The bill amends s. 741.30, F.S., to provide that when a petition for injunction for protection against domestic violence . . . is filled out, the clerk of the court should assist in that process. The bill requires that simplified injunction petition forms, along with the information that affidavits of insolvency are available, be given to each person filing for an injunction. The clerk must also ensure that each petitioner's privacy is protected when filing for an injunction. The bill requires that at least 2 certified copies of the order granting the injunction, one of which is serviceable, be provided to the petititioner. The bill requires clerks of court and their staff to be trained in the assistance of petitioners, and for informational brochures from domestic violence centers to be provided to petitioners at the clerk's office, where these are available.[7]
The staff analysis notes that several circuit courts, such as the Hillsborough County clerk's office, have domestic violence programs that "are very similar to those described in this bill." This office has been advised that the domestic violence program of the Hillsborough County clerk's office offers clerical assistance to persons in filling out the forms for injunctive relief against domestic violence. In addition, the clerk has set aside a room where petitioners may fill out the forms in privacy. Legal advice, however, is not given. While assistance is given to petitioners as to how to file the petition and what fees may be imposed, petitioners are not advised as to the content of the information they should include in the petition.
Section 741.30(2)(c)6., Florida Statutes, provides that clerks of the court "shall receive training in the effective assistance of petitioners as provided or approved by the Florida Association of Court Clerks." This office has been advised that the training program approved by the association addresses the provision of clerical assistance by the clerk's office to petitioners and not the provision of legal advice or counseling programs.
Language in the original bill that required court clerks to "effectively assist" petitioners for domestic violence injunctions was deleted after The Florida Bar indicated that such language "could infringe into the unauthorized practice of law if it included advising petitioners on what relief and remedies to seek."[8] Thus, the bill was amended to require clerks to assist rather than "effectively assist."[9]
In light of the above, it appears that the legislative directive that the clerks of court provide assistance to petitioners for injunction protection in domestic violence cases contemplates that the clerk will provide clerical assistance in filling out the forms necessary to seek an injunction in domestic violence cases. While the decision regarding the manner of best carrying out such a duty rests with the clerk, the clerk should make every effort to ensure that the purpose of the 1991 reforms to the statute are fullfilled — to assist victims being subjected to abuse by establishing procedures to ensure that an injunction against domestic violence may now be more quickly and easily obtained. As the Supreme Court of Florida recognized in The Office of the State Attorney, Fourth Judicial Circuit of Florida,[10]
[T]he Florida Bar has developed and this Court has approved simplified forms to obtain the injunction. Supreme Court Approved Simplified Forms 3. These forms are readily available throughout Florida, at the office of every clerk of the court, at The Florida Bar's offices, and in many libraries. And the Florida Legislature also has directed that each clerk of the court shall assist women in filling out the simplified forms and shall waive fees, whenever necessary. 741.30, Fla. Stat. (1991). The result of these reforms is that the injunction now can be obtained directly, quickly, without an attorney's help, and at little monetary cost.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] Although the language pertinent to the instant inquiry was contained in s. 741.30(3)(c), Fla. Stat. (1993), changes to section 741.30 during the 1994 legislative session renumbered the subsection as section 741.30(2)(c). See, s. 5, Ch. 94-134, Laws of Florida; and s. 5, Ch. 94-135, Laws of Florida.
[2] See, e.g., Alachua County v. Powers, 351 So.2d 32 (Fla. 1977); Ops. Att'y Gen. Fla. 80-93 (1980) and 78-95 (1978).
[3] See, In re Advisory Opinion to the Governor, 60 So.2d 285
(Fla. 1952); Peters v. Hansen, 157 So.2d 103 (Fla. 2d DCA 1963).
[4] See, Ch. 91-210, Laws of Florida. As noted in n. 1, supra, the language was originally numbered as section 741.30(3)(c); however, changes to section 741.30 during the 1994 legislative session renumbered the pertinent language as section 741.30(2)(c).
[5] See, s. 784.046(3)(a), Fla. Stat., which states that "[t]he clerk of the court shall provide a copy of this section, simplified forms, and clerical assistance for the preparation and filing of such a petition by any person who is not represented by counsel."
[6] See, Final Bill Analysis Economic Impact Statement on CS/CS/HB's 997 1701, Florida House of Representatives Committee on Criminal Justice, May 9, 1991.
[7] The fiscal comments of the staff analysis notes that the "enhanced training and procedural requirements" for court clerks handling domestic violence incidents would cost some, but the amount for each local governmental unit is indeterminate."
[8] Staff Analysis, supra. See, Art. V, s. 15, Fla. Const. (supreme court shall have exclusive jurisdiction to regulate the admission of persons to the practice of law); and Ch. 10, Rules Regulating The Florida Bar, containing rules governing the investigation and prosecution of the unlicensed practice of law.
[9] The staff analysis notes:
That concern may become moot because a uniform petition for injunction for protection against domestic violence form is now before the Florida Supreme Court along with other uniform legal forms for a determination of approval as a uniform approved legal form. Under Rule 10-1.1(b) of the Rules Regulating The Florida Bar, a nonlawyer may assist an individual in filling out a Supreme Court approved uniform legal form without engaging in the unauthorized practice of law.
[10] 628 So.2d 1097, 1099 (Fla. 1993).