Mr. Kenza van Assenderp Florida Association of Tax Collectors Post Office Box 1833 Tallahassee, Florida 32302-1833
Dear Mr. van Assenderp:
On behalf of the Honorable Chris Hughes, Okaloosa County Tax Collector, and the Florida Association of Tax Collectors, you ask the following questions:
1. Are there any restrictions applicable to prohibit any qualified individual or entity from being a financial investor in the purchase of annual delinquent tax certificates at the posted and noticed county public auction sale conducted by the Office of the County Tax Collector?
2. If any person or entities should be denied participation in the annual public auction tax certificate sale pursuant to state guidelines and procedures, what steps are required to control access if a county tax collector chooses to allow an electronic sale over the Internet where the individual or business identity may be completely clouded?
3. Is it illegal for a county tax collector to allow a member of his or her family (excluding the tax collector), an employee of the tax collector, or a family member of the employee from being an investor in the annual delinquent tax certificate public auction sale, either electronically or by the current practice of onsite auctions, when such sales are conducted by the issuance and use of bidder identity numbers?
Questions One and Three
As your first and third questions are interrelated, they will be answered together.
Taxes are due and payable on November 1 of each year or as soon thereafter as the certified tax roll is received by the tax collector.[1]
Generally, taxes become delinquent on April 1 following the year in which they are assessed.[2] Upon taxes becoming delinquent, the tax collector is authorized to collect the taxes by sale of tax certificates on real property and by seizure and sale of personal property.[3]
Section 197.402(3), Florida Statutes, specifies that except as provided in section 197.432(4), Florida Statutes, on or before June 1 or the 60th day after the date of delinquency for unpaid taxes, whichever is later, the tax collector shall advertise once each week for three weeks and shall sell tax certificates on all real property with delinquent taxes. A list of such properties is to be prepared in the same order in which the lands were assessed, specifying the amount due on each parcel, including interest at the rate of 18 percent per year from the date of delinquency to the date of sale; the cost of advertising; and the expense of sale.[4]
The procedure for collecting unpaid taxes through sale of tax certificates is set forth in section 197.432, Florida Statutes. It requires, with two exceptions,[5] that the tax collector offer for sale all certificates.[6] Pursuant to section 197.432(5), Florida Statutes, tax certificates are issued to "the person who will pay the taxes, interest, costs, and charges and will demand the lowest rate of interest, not in excess of the maximum rate of interest allowed by this chapter."
According to your letter, tax collectors, in conducting the sale of tax certificates, have issued registered investors a numeric identity card. During the public auction sales, each bidder is then recognized by use of these identity numbers. As you note in your letter, in addition to conducting onsite public auctions, tax collectors are now authorized to conduct the sale by electronic means. Section 197.432(16), Florida Statutes, in authorizing such sales by electronic means, requires that such electronic sales comply with the procedures provided in Chapter 197.
In providing for the sale of tax certificates, section 197.432, Florida Statutes, sets forth several circumstances under which a person may be barred from bidding. For example, subsection (6) of the statute provides:
"The tax collector shall require immediate payment of a reasonable deposit from any person who wishes to bid for a tax certificate. A personwho fails or refuses to pay any bid made by, or on behalf of, him or heris not entitled to bid or have any other bid accepted or enforced by thetax collector until a new deposit of 100 percent of the amount ofestimated purchases has been paid to the tax collector. When tax certificates are ready for issuance, the tax collector shall notify each person to whom a certificate was struck off that the certificate is ready for issuance and payment must be made within 48 hours from the mailing of such notice or the deposit shall be forfeited and the bid canceled. In any event, payment shall be made before delivery of the certificate by the tax collector." (e.s.)
In addition, section 197.432(15), Florida Statutes, states in pertinent part that "[a]ny holder of a tax certificate who, prior to the date 2 years after April 1 of the year of issuance of the tax certificate, initiates, or whose agent initiates, contact with the property owner upon which he or she holds a certificate encouraging or demanding payment may be barred by the tax collector from bidding at a tax certificate sale."
Chapter 197 contains no provision prohibiting or restricting relatives of the tax collector or employees of the tax collector's office from participating in the sale of tax certificates. However, the Code of Ethics for Public Officers and Employees, Part III, Chapter 112, Florida Statutes, establishes standards of conduct for public officers and employees. Whether such conduct is permissible under the provisions of the code is a matter that must be referred to the Florida Commission on Ethics, which has been authorized by the Legislature to interpret and implement the provisions of that code.[7]
I am not aware of, nor have you brought to the attention of this office, any other restrictions on individuals seeking to bid on the sale of tax certificates.
Question Two
As noted in the previous answer, section 197.432(16), Florida Statutes, authorizes the tax collector to conduct the sale of tax certificates by electronic means:
The county tax collector may conduct the sale of tax certificates for unpaid taxes pursuant to this section by electronic means. Such electronic sales shall comply with the procedures provided in this chapter. The tax collector shall provide access to such electronic sale by computer terminals open to the public at a designated location. A tax collector who chooses to conduct such electronic sales may receive electronic deposits and payments related to the tax certificate sale.
You specifically inquire as to the steps a tax collector must take to deal with a person or entity who is prohibited from participating in the sale of tax certificates when the sale is being conducted by electronic means over the Internet and the identity of the individual or business may not be readily apparent.
When a general power has been granted to a public officer or board, unaccompanied by definite directions as to how the power or authority is to be exercised, such a grant implies a right to employ the means and methods necessary to comply with the statute.[8] As noted above, section 197.432(16), Florida Statutes, authorizes the sale of tax certificates by electronic means. While the statute provides that such sales shall comply with the procedures provided in Chapter 197, Florida Statutes, it does not specifically set forth how the tax collector is to implement the sale of tax certificates by electronic means.
This office cannot prescribe the methods to be used by a tax collector in providing for the sale of such certificates by electronic means. If an individual or entity is prohibited by statute from participating in the sale of tax certificates, the tax collector must take reasonable steps to ensure that the statute's requirement is satisfied, whether such sale is conducted on site or by electronic means. The method of accomplishing this, however, rests in the sound discretion of the tax collector, who may effectively accomplish such purpose by any reasonable method that complies with those procedures set forth in Chapter 197, Florida Statutes.
Sincerely,
Charlie Crist Attorney General
CC/tjw
[1] Section 197.333, Fla. Stat.
[2] Id. The statute further provides that taxes may be delinquent immediately after sixty days have expired following the mailing of the original tax notice, should such a date fall after April 1.
[3] Section 197.332, Fla. Stat.
[4] Section 197.402(3), Fla. Stat. And see s. 197.432(4), Fla. Stat., providing that tax certificates representing less than $100 in delinquent taxes on property which has been granted a homestead exemption for the year in which the delinquent taxes were assessed may not be sold at public auction but shall be issued by the tax collector to the county at the maximum rate of interest allowed by Ch. 197, Fla. Stat.
[5] See s. 197.432(4), Fla. Stat., which provides in pertinent part that "[a] tax certificate representing less than $100 in delinquent taxes on property that has been granted a homestead exemption for the year in which the delinquent taxes were assessed may not be sold at public auction or by electronic sale as provided in subsection (16) but shall be issued by the tax collector to the county at the maximum rate of interest allowed by this chapter." And see s. 197.432(9), Fla. Stat., providing that "[a] certificate may not be sold on, nor is any lien created in, property owned by any governmental unit the property of which has become subject to taxation due to lease of the property to a nongovernmental lessee. . . ."
[6] See the last sentence of s. 197.432(1), Fla. Stat., which provides: "The tax collector shall offer all certificates on the lands as they are assessed." And see Rule 12D-13.045(1), F.A.C., providing: "Except as provided in Rule 12D-13.047, F.A.C., the tax collector shall sell tax certificates on all lands on which the taxes are delinquent."Cf. s. 197.432(2), Fla. Stat., which provides that "[a] lien created through the sale of a tax certificate may not be enforced in any manner except as prescribed in this chapter."
[7] See s. 112.322, Fla. Stat.
[8] See Op. Att'y Gen. Fla. 79-59 (1979); And see In re AdvisoryOpinion to the Governor, 60 So.2d 285 (Fla. 1952) (well settled rule in Florida that if a statute imposes a duty upon a public officer to accomplish a stated governmental purpose, it also confers by implication every particular power necessary or proper for complete exercise or performance of the duty that is not in violation of law or public policy); State ex rel. Martin v. Michell, 188 So.2d 684, 685 (Fla. 4th DCA 1966), cert. discharged, 192 So.2d 281 (Fla. 1966); Peters v. Hansen,157 So.2d 103 (Fla. 2d DCA 1963); cf. Southern Utilities Co. v. City ofPalatka, 99 So. 236 (Fla. 1923); and Molwin Inv. Co. v. Turner, 167 So. 33
(Fla. 1936).