Dear Mr. Ellis:
As the Clerk of the Circuit Court, Brevard County, Florida, you have asked for my opinion on substantially the following question:
Is the Clerk of Court, acting as the County Recorder, authorized by section 713.901, Florida Statutes, to index a document as a "lien" when that document is styled "Notice of Federal Tax Lien"?[1]
In sum:
A determination by the clerk of court that a notice of federal tax lien should be indexed as a lien appears to come within the scope of authority of the clerk acting in his or her official capacity and to satisfy the requirements placed upon him or her by the statutes.
According to your letter, a resident of Brevard County asserts that the "notice of federal tax lien" submitted by the United State Department of Treasury should be indexed in the official records of the county recorder as a "notice" and not a "lien" as has been the historical practice of your office.[2] You request direction on this matter.
Section 28.222, Florida Statutes, provides that the clerk of court "shall be the recorder of all instruments that he or she may be required or authorized by law to record in the county where he or she is clerk."[3] The statute enumerates certain instruments that must be recorded and recognizes the clerk's responsibility to record, upon payment of the service charges prescribed by law, "[a]ny other instruments required or authorized by law to be recorded."[4] As mandated by section 28.222(2), Florida Statutes:
"The clerk of the circuit court shall record all instruments in one general series called `Official Records.' He or she shall keep a register in which he or she shall enter at the time of filing the filing number of each instrument filed for record, the date and hour of filing, the kind of instrument, and the names of the parties to the instrument. The clerk shall maintain a general alphabetical index, direct and inverse, of all instruments filed for record. The register of Official Records must be available at each office where official records may be filed." (e.s.)
The clerk is required to record designated kinds of instruments that may be presented to him or her upon the payment of the service charges prescribed in the statutes. Included among these instruments are those "relating to the ownership, transfer, or encumbrance of or claims against real or personal property or any interest in it[,]" including "deeds, leases, bills of sale, agreements, mortgages, notices or claims of lien, notices of levy, tax warrants, [and] tax executions[.]"[5] In addition, the statutes specifically recognize the clerk's duty to record:
"Notices of liens for taxes payable to the United States and other liens in favor of the United States, and certificates discharging, partially discharging, or releasing the liens, in accordance with the laws of the United States."
Instruments affecting real property are also required to be recorded by the clerk of the circuit court by Chapter 695, Florida Statutes. As provisions of that chapter require, "[n]o conveyance, transfer, or mortgage of real property . . . shall be good and effectual in law or equity against creditors or subsequent purchasers for valuable consideration and without notice, unless the same be recorded according to law[.]"[6]
In 1992, Florida adopted the "Florida Uniform Federal Lien Registration Act."[7] The act provides that federal liens on real property shall be filed with the clerk of the circuit court in the county where the property subject to the lien is located. Prior to enactment of the registration act, federal tax liens were filed in the federal district court and did not appear in title searches performed on local land records. The risk of discovery of title defects and the increased costs involved in more extensive real property title searches to locate federal tax liens motivated many states, including Florida, to adopt a Uniform Federal Liens Registration Act.[8] Section 713.901, Florida Statutes, which is the act, provides for the place of filing federal liens; the execution of notices and certificates; the duties of a filing officer presented with a notice of federal lien; fees to be collected for filing or searching records under the act; and standards for uniformity of application and construction of the act. The act requires that "[n]otices of liens upon real property for obligations payable to the United States, and certificates and notices affecting the liens, shall be filed in the office of the clerk of the circuit court of the county in which the real property subject to the liens is situated."[9] As required by the act, if notice of a federal lien is presented to a filing officer (the clerk of the circuit court) he or she "shall mark and index the notice or certificate in the same manner as other instruments filed for recording in the official records."[10]
It has been the position of this office that the clerk of court is a ministerial officer whose authority and responsibility are derived from both constitutional and statutory provisions.[11] Thus, this office has determined that if an instrument is entitled to be recorded, it must be recorded by the clerk if properly executed and upon payment of the clerk's fee.[12] In performing this duty, the clerk of circuit court acts in a purely ministerial capacity and has no discretion.[13] However, if a statute imposes a duty on a public officer to accomplish a stated governmental purpose, it also confers by implication every particular power necessary or proper for complete exercise of performance of that duty that is not in violation of law or public policy.[14]
Clearly, indexing is a statutory obligation of the clerk. The statutes discussed above require that interests in real property must be recorded to be effectual in law and equity against creditors or subsequent purchasers. Nothing in the Florida Statutes of which I am aware or to which you have drawn my attention provides a uniform guide for clerks of court as to how the clerk is to index particular documents. Rather, the clerk is required to record and index instruments for the official records and the clerk is provided the power to accomplish those duties as he sees fit. The purpose of the official records is to provide notice to those searching the records of the legal activities memorialized by the documents indexed therein. A determination by the clerk of court that a notice of federal tax lien should be indexed as a lien appears to come within the scope of authority of the clerk acting in his or her official capacity and to satisfy the requirements placed upon him or her by the statutes.
Authority for federal tax liens and procedures for enforcing those liens are found in the Internal Revenue Code, Title 26 of the United States Code. Such liens are governed by state law only to the extent specified by Congress. Section 6323(a) of the Internal Revenue Code requires that notice of a federal tax lien be filed in order to obtain priority over subsequent purchasers, holders of security interests, mechanics' lienors, and judgment lien creditors. A federal tax lien differs from other types of liens in that it is not a consensual transaction evidenced by an instrument, involving consideration (generally in the form of financing) to the property owner. Rather, a federal tax lien is imposed upon real and personal property of the owner without specific consideration or consent.[15] A federal tax lien arising by law is valid against the taxpayer without any further action by the government.[16]
Thus, the notice of lien itself provides evidence of the existence of the lien and it would appear that, in an effort to provide the most information possible to those relying on the official records for information about a particular piece of real property, a notice of federal tax lien should be indexed as a lien.
I would note that section 713.901, Florida Statutes, provides clear direction to the clerk of court as to how to file certificates of release or nonattachment, certificates of discharge or subordination, and refiled notices of federal liens to reflect the nature of those records as releases or terminations of obligations.[17] The Legislature may wish to revisit section 713.901, Florida Statutes, to provide more specific guidance to the clerks of court as to the indexing of notices of federal tax liens.
Sincerely,
 Bill McCollum Attorney General
BM/tgh
[1] You have posed a second question requesting that this office comment on the applicability of section 713.06(2)(a), Florida Statutes, to a Notice of Federal Tax Lien submitted to the clerk of court for recording. Section 713.06(2)(a), Florida Statutes, provides the requirements for perfecting a lien by a person not in privity with the owner under Chapter 713. However, my review of the statute does not indicate that the clerk of court has any duties or responsibilities under section 713.06(2)(a), Florida Statutes, and no comment will be expressed herein on this question.
[2] The Florida Association of Court Clerks and Comptrollers advises that this is the common practice among Florida court clerks.
[3] Section 28.222(1), Fla. Stat.
[4] Section 28.222(3)(h), Fla. Stat.
[5] Section 28.222(3)(a), Fla. Stat.
[6] Section 695.01, Fla. Stat. And see s. 695.11, Fla. Stat., providing that instruments are deemed to be recorded from the time of filing, and s. 695.26, Fla. Stat., providing the requirements for recording instruments affecting real property.
[7] See s. 1, Ch. 92-25, Laws of Fla.
[8] See Florida House of Representatives Committee on Appropriations, Bill Analysis Economic Impact Statement, CS/HB 757 dated Feb. 12, 1992.
[9] Section 713.901(3)(b), Fla. Stat.
[10] Section 713.901(5)(a)2., Fla. Stat.
[11] See Ops. Att'y Gen. Fla. 79-70 (1979); 86-38 (1986); 97-67 (1997) and 98-65 (1998).See also Alachua County v. Powers,351 So. 2d 32, 35 (Fla. 1977).
[12] See Op. Att'y Gen. Fla. 75-309 (1975) (clerk is required to record any deed properly executed upon proper payment of the clerk's service charge if such deed is otherwise entitled to be recorded under s. 28.222, Fla. Stat.). And see Op. Att'y Gen. Fla. 67-6 (1967) (clerk has no duty, responsibility or authority to examine an instrument presented for filing to determine if the requisites of the Uniform Commercial Code have been met except that statute requires clerk to insure that instrument contains a statement to the effect that the documentary stamp tax has been paid).
[13] See Op. Att'y Gen. Fla. 91-18 (1991) and cases cited therein.
[14] See In re Advisory Opinion to the Governor,60 So. 2d 285 (Fla. 1952); Peters v. Hansen,157 So. 2d 103 (Fla. 2d DCA 1963); State ex rel. Martin v.Michel, 188 So. 2d 684 (Fla. 4th DCA 1966), cert. discharged,Martin v. State, 192 So. 2d 281 (Fla. 1966).
[15] See s. 6321, Internal Revenue Code; Op. Att'y Gen. Fla. 76-119 (1976) which discusses filing requirements for federal tax liens prior to Florida's enactment of the "Florida Uniform Federal Lien Registration Act."
[16] See ss. 6321 and 6322, Internal Revenue Code;http://www.irs.gov "Notice of Federal Tax Lien;" "Tax lien,"http://en.wikipedia.org.
[17] See s. 713.901(5)(b)1. — 3., Fla. Stat.