Dear Mr. Marko:
At the request of the School Board of Broward County, you have asked for my opinion on substantially the following question:
Whether section 1006.07(2), Florida Statutes, would authorize the School Board of Broward County to place the student code of conduct on-line in lieu of the current distribution of printed copies to students and parents?
In sum:
In the absence of a statutory provision setting forth the method for distributing a school district code of student conduct, the School Board of Broward County has the discretion to determine the manner of distributing the code to the students and parents of the district so long as it accomplishes the objectives or purposes of section 1006.07(2), Florida Statutes.
According to your letter, the School Board of Broward County currently goes to considerable expense to print and distribute hard copies of the adopted code of student conduct. The school board proposes to advise students that the code of student conduct is available on the school district's website and to require students and parents to download and return a printed statement acknowledging their on-line receipt of the code of student conduct. Under this proposal, a hard copy of the code of student conduct would be provided, upon request, to any student or parent lacking on-line access to the code of student conduct at his or her home. You ask whether section 1006.07(2), Florida Statutes, would allow the school district to distribute the code of conduct using the Internet.
Section 1006.07, Florida Statutes, sets forth the district school board's duties relating to student discipline and school safety. Each district school board is required to provide a proper accounting of all students, to provide for the attendance and control of students while at school, and to attend to the health, safety, and welfare of students.[1] Subsection (2) relating specifically to a code of conduct for students provides:
 "CODE OF STUDENT CONDUCT. — Adopt a code of student conduct for elementary schools and a code of student conduct for middle and high schools and distribute the appropriate code to all teachers, school personnel, students, and parents, at the beginning of every school year. Each code shall be organized and written in language that is understandable to students and parents and shall be discussed at the beginning of every school year in student classes, school advisory council meetings, and parent and teacher association or organization meetings. Each code shall be based on the rules governing student conduct and discipline adopted by the district school board and shall be made available in the student handbook or similar publication. . . ."
Among the provisions to be included in the code of student conduct are such things as procedures to be followed for acts requiring discipline, including corporal punishment; an explanation of student rights and responsibilities relating to attendance; and notice that the illegal use, possession, or sale of controlled substances by students while upon school property or in attendance at a school function constitutes grounds for disciplinary action.[2]
Section 1006.07(2), Florida Statutes, places on the school district an affirmative duty to "adopt a code of student conduct" and "distribute" the appropriate code to teachers, school personnel, students, and parents. The student conduct code must be distributed at the beginning of every school year and discussions of the code with students and parent/teacher organizations must also take place at the beginning of the school year. The statute also requires that the code of conduct be available in the student handbook or "similar publication." You have asked whether distribution of the code may occur through use of the Internet.
A general grant of power or authority unaccompanied by definite direction as to how the power or authority is to be exercised implies a right to employ the means and methods necessary to comply with the statute.[3] Thus, when the law imposes a duty or power on an officer, it also confers by implication such powers as are necessary for the due and efficient exercise of the duties or powers expressly granted or such as may be fairly implied therefrom.[4]
The term "distribute" is generally understood to mean to pass out or disseminate something.[5] In the absence, however, of any statutory direction as to the method or methods of distribution of the code of student conduct, the school board may distribute or disseminate the code in whatever manner that the board may, in its discretion, deem reasonable in accomplishing the objectives or purposes of the statute. The board in the exercise of its discretion may, for example, make the code of student conduct available to students and parents by producing a paper copy or by distributing a copy of the code to each student's household by e-mail. While the statute requires that "the student handbook or similar publication" contain the code of student conduct, I do not read the reference to a "publication" to refer exclusively to a paper copy. Rather, the term "publication" generally means the act of publishing or making known and could include an on-line version of the student handbook.[6]
The use of the word "distribute," appears to reflect a legislative intent that the burden of insuring that each student and parent receives a copy of the code falls on the school board. The statute requires not only that the school board adopt a code of conduct, but that it distribute that code as well. In light of the use of this language, I would suggest that the statutory requirement would not be satisfied by the school board placing the code of student conduct on its website and merely advising parents and students of its location. Because the statute requires the district to "distribute" a copy of the code to each student and parent, a more proactive approach appears to be contemplated. Thus, this office would suggest that on-line distribution be accomplished using individual home email addresses or other personal Internet contact information. The school board should also be prepared to provide paper copies of the code of student conduct to those students and parents who lack on-line access.
Accordingly, I am of the opinion that, in the absence of a statutory provision setting forth the method for distributing a school district code of student conduct, the School Board of Broward County has the discretion to determine the manner of distributing the code to the students and parents of the district so long as it accomplishes the objectives or purposes of section 1006.07(2), Florida Statutes.
Sincerely,
 Bill McCollum Attorney General
BM/tgh
[1] See s. 1006.07, Fla. Stat.
[2] See s. 1006.07(2)(a) — (l), Fla. Stat.
[3] 67 C.J.S. Officers s. 193(a).
[4] See State ex rel. Martin v. Michell,188 So. 2d 684 (4 D.C.A. Fla., 1966), cert. discharged,192 So. 2d 281 (Fla. 1966); In re Advisory Opinion to theGovernor, 60 So. 2d 285 (Fla. 1952); Peter v. Hansen,157 So. 2d 103 (2 D.C.A. Fla., 1963); cf. Molwin InvestmentCo. v. Turner, 167 So. 33 (Fla. 1936); Southern UtilitiesCo. v. City of Palatka, 99 So. 236 (Fla. 1923); Ops. Att'y Gen. Fla. 10-01 (2010) and 04-27 (2004).
[5] See Webster's New Universal Unabridged Dictionary p. 572 (2003), defining "distribute" as "to divide and give out in shares; deal out; allot[;]" and to "to pass out or deliver (mail, newspapers, etc.) to intended recipients." And see 27 C.J.S.Distribute, p. 614, stating that "[d]istribute" is defined as meaning "to divide among several or many; to deal out; to allot; to allot in shares; to bestow in parts or shares; to divide or parcel out; to share or parcel out; to apportion; to dispense; to give out or divide among a number; as to distribute alms . . ."
[6] See Webster's New Universal Unabridged Dictionary p. 1563 (2003) (definition of "publication" includes "the act of bringing before the public; announcement[;]" and "the state or fact of being published."). See also 73A C.J.S.Publication, p. 428, stating that "[i]nseparable from the term [publication] is the idea of publicity, circulation, and intended distribution, and the thought running through all the uses of the word is an advising of the public, a making known to the public for a purpose;" Black's Law Dictionary p. 1264 (8th ed.) ("[g]enerally, the act of declaring or announcing to the public.").